SAWTELLE, Respondent, vs. RIPLEY, Executor, Appellant, and WITHAM, Respondent.

*March 23 — May 2, 1893.*

*Wills: Action for construction: Parties.*

1. An action for the construction of a clause in a will cannot be maintained by one having no interest in such clause. But where, in such an action, the executor has answered asking for a construction of the clause, the court will retain jurisdiction, especially where the judicial construction of the clause is imperatively necessary.
2. One named in the will as an executor and also as one of the trustees of a trust created by the clause in question is a necessary party to an action for the construction of that clause, although he has declined to act as executor.

APPEAL from the Circuit Court for *Waukesha* County.

Action to construe the will of Ward Witham, deceased. Plaintiff is a granddaughter of deceased, and named as a legatee of $500 in the will. She sets forth in her complaint that doubt and uncertainty has arisen as to the meaning and effect of the fifth clause of the will, and prays for a construction of the same. The appellant, as executor, answered, admitting the general allegations of the complaint as to the relationship of the parties, the making and probate of the will, and that doubt and uncertainty had arisen as to the construction of the fifth paragraph thereof and the duties of the executor thereunder, alleging that plaintiff is not interested in the construction of the same in any way, and also prayed for a construction of said paragraph and that the same be declared legal and valid. The defendant *Lorenzo Witham* answered separately, alleging that said fifth paragraph was void for uncertainty, and that the sum bequeathed thereby became a part of the residuary estate. The other defendants, who are the remaining legatees named in the will, did not appear.

It appeared that the testator died January 22, 1888, leav-

ing a will, which was probated February 23, 1888, and
which, after certain bequests, among which was a bequest
of $500 to the plaintiff, his granddaughter, contained the
following provision: "I give, devise, and bequeath to my
executors the sum of five thousand dollars, in trust never-
theless for following uses and purposes: Said sum is by my
said executors to be invested in some good interest-bearing
securities, and the net yearly income thereof shall be used
and applied by my said executors to the support, mainte-
nance, and education, or aiding in the support, maintenance,
and education of such indigent orphan children under the
age of fourteen years, in the said county of Rock and state
of Wisconsin, as in the judgment of my said executors may
be most needy and deserving. Said income of said five
thousand dollars to be used and applied as above until the
year nineteen hundred, and then the said sum of five thou-
sand dollars is to be given to such indigent orphan children,
in Rock county, Wisconsin, as my executors shall think most
needy and deserving." There was also a residuary clause
covering all the rest, residue, and remainder of his estate,
real and personal, but plaintiff was in no event a beneficiary
under the residuary clause.

*Mark Ripley* and N. N. Jackman were named in the will
as executors. Before probate of the will, Jackman duly
declined to act as executor, and *Ripley* accepted and qual-
ified alone, and is still acting as executor. The plaintiff
was paid her bequest of $500 on becoming twenty-one years
of age, which was after the commencement of this action.

Upon these facts the circuit court concluded (1) that
plaintiff was a proper party to bring this action; (2) that
the execution of the trusts of the will by *Ripley* alone is
legal and valid; (3) that the fifth paragraph of the will is
void for indefiniteness and uncertainty; (4) that the $5,000
named in said fifth paragraph becomes a part of the resid-
uary estate; (5) that the taxable costs and disbursements

of all parties, and $50 to the attorney of each party appearing, be paid out of the estate and from said $5,000 fund. The appellant excepted to the first, third, fourth, and fifth conclusions of law, and judgment was entered in accordance with the findings. *Ripley*, as executor, appeals from that part of the judgment which adjudges the fifth clause of the will void and that the amount named therein becomes part of the residuary estate; also from that part which adjudges plaintiff a proper party to bring the action, and awards her costs.

For the appellant the cause was submitted on a brief by *Doe & Sutherland*. To the point that plaintiff was not a proper party to maintain the action for a construction of the will, they cited *Chipman v. Montgomery*, 63 N. Y. 221; *Bailey v. Briggs*, 56 id. 407; *Marlett v. Marlett*, 14 Hun, 313; *Stinde v. Ridgway*, 55 How. Pr. 301; *Post v. Hover*, 33 N. Y. 593; *Bigelow v. Morong*, 103 Mass. 287; *Dane v. Walker*, 109 id. 179.

For the respondent *Mary A. G. Sawtelle* there was a brief by *John Nichols;* for the respondent *Lorenzo Witham* there was a brief by *Edwin F. Carpenter;* and the cause was argued orally by *Mr. Nichols.*

WINSLOW, J. The plaintiff is in no way interested in the construction of the fifth paragraph of the will. If the bequest in trust therein contained is valid she takes nothing under it, and if it be void the money bequeathed thereby passes under the residuary clause of the will, and becomes a part of the residuum of the estate, in which she does not share. Hawk. Wills, p. 40. She was not therefore a proper party to bring an action for construction of the clause of the will in question, not being in any way interested in any possible construction thereof, either as executor, trustee, or *cestui que trust. Chipman v. Montgomery*, 63 N. Y. 221; *Bailey v. Briggs*, 56 N. Y. 407. The executor

*Ripley,* however, could rightfully bring the action, and he having answered to the merits and praying the judgment of the court construing the fifth clause of the will, we see no substantial reason why a court of equity should not retain jurisdiction and pass upon the questions so affirmatively raised by the executor, especially as it is manifest that a judicial construction of said clause is imperatively necessary. We have concluded, therefore, to retain jurisdiction of the action on this ground.

A difficulty, however, arises which seems to us to render it necessary that another party should be before the court before final judgment should be passed upon said clause. Under said fifth paragraph of the will, if it be valid, Jackman and *Ripley* were nominated trustees of a trust which was entirely distinct from the office of executor, and which might exist for years after their duties as executors had been performed. Jackman has declined to act as executor of the will, but he has not, so far as is shown, ever declined the trust created by said fifth paragraph, nor is it shown that there is any impediment to his executing said trust. *Tainter v. Clark,* 13 Met. 220; *Wills v. Cowper,* 2 Ohio, 124 (1 & 2 id. 312); *Conklin v. Egerton's Adm'r,* 21 Wend. 430; *Clark v. Tainter,* 7 Cush. 568. In this view, he is manifestly an essential party to an action wherein a construction of said paragraph is sought. Much may depend on his action either in accepting or declining this trust. It is a very serious question whether his declination may not render the execution of the trust impossible, because of the personal confidence reposed by the testator in the trustees whom he has named. 2 Perry, Trusts (4th ed.), secs. 721, 729.

We shall decline to pass upon the merits of the controversy until Mr. Jackman has been made a party to the action, and it be ascertained whether he accepts or declines the trust. The action will be remanded to the circuit

court, with directions to cause Mr. Jackman to be made a party defendant, and to take such further proceedings as may be necessary to definitely ascertain whether or not he declines or accepts the trust, and then to proceed to judgment upon the merits. Inasmuch as this action is retained in court simply on the ground that the executor *Ripley* has prayed construction of the will, and the action has thus become practically on behalf of the estate, we have concluded that no costs should be taxed against respondent on this appeal, but they will be ordered to be allowed out of the estate.

*By the Court.*— Judgment reversed and cause remanded for further proceedings in accordance with this opinion, appellant's costs to be taxed and allowed out of the estate.