CITY OF MADISON, Respondent, vs. WISOWATY, imp., Appellant.

*February 7—March 7, 1933.*

For the appellant there was a brief by *Sauthoff & Hansen,* attorneys, and *Stephens, Sletteland & Sutherland* of counsel, and oral argument by *Anthony E. O'Brien, Eleanore L. Jones,* and *Harry Sauthoff,* all of Madison.

For the respondent there was a brief by *Beatrice Lampert,* acting city attorney, and *Theodore G. Lewis* of counsel, both of Madison, and oral argument by *Mr. Lewis.*

FRITZ, J.   The city of Madison, as the sole plaintiff in this action, in its complaint seeks judgment establishing title to the bed of Lake Monona in the state of Wisconsin, in trust for public uses; declaring all structures on such lake bed to be nuisances and purprestures, and ordering them abated and removed; declaring that the defendants have no right, title, or interest in any filled-in land; and enjoining them from further use and occupancy of such land.   As basis for that relief it is alleged in the complaint, in relation to each of the three proposed causes of action, that Lake Monona is located within the boundaries of the city of Madison, and is a meandered body of water, and is navigable in fact; that the title to the bed of Lake Monona to the original meander line, established by the federal government, and to the original water's edge, shore line, or low-water mark, became vested in the state of Wisconsin upon its admission into the Union of the United States, and such title remained vested in the state of Wisconsin ever since, and the title now is in the state of Wisconsin in trust for the use of the public; that the defendants and others, their predecessors and grantors, have at various times and at various places filled in and deposited earth and other materials, and erected structures in Lake Monona and beyond the established meander line for purposes not in aid to navigation, thereby invading state lands and the public rights and creating a

public nuisance and purpresture; that the defendants now occupy that filled-in land, or part thereof, between the original meander line or between the original water's edge and the present water's edge on said lake, and claim to have some right, title, and interest therein; that the occupancy of such lands, or any part thereof, by the defendants constitutes a public nuisance and purpresture invading the title of the state of Wisconsin and right of the public; and that the city of Madison has concurrent jurisdiction with the state of Wisconsin in the premises and may bring and does bring this action to restrain, enjoin, and abate the nuisances and purprestures hereinbefore mentioned. As additional basis for its second cause of action, plaintiff alleges that none of the defendants have ever been owners of land abutting Lake Monona at the places in suit, as the lake originally existed and prior to such artificial filling-in thereof, or riparian owners, or owners of any riparian rights whatsoever abutting said lake at such places; and that they occupy such land as mere squatters upon lands owned by the state in trust for the public, and have erected structures thereon; and that such occupancy and use is unauthorized and an invasion of the rights of the state of Wisconsin and the public. And as additional facts for its third cause of action plaintiff alleges that pursuant to authority in law the city of Madison has established a certain dock line in Lake Monona along the places in suit; that the defendants have filled in and now occupy land beyond said dock line in the waters and on the bed of Lake Monona, and have erected structures, not in aid of navigation, in the waters of the lake beyond such city dock line, invading thereby the title of the state of Wisconsin and the rights of the public; that such occupancy of such land in the waters of the lake beyond and outside of the established city dock line constitutes a public nuisance and purpresture; and that the land so occupied by defendants beyond such dock line established by plaintiff is within the

distance represented by a dock line established and described in ch. 485, Laws of 1927.

The assertion in those allegations that the title to the bed of the lake vested and continues in the state of Wisconsin in trust for the use of the public, and that nuisances and purprestures placed thereon by the defendants invade the title of the state and right of the public, is based on ample authority. *Diedrich v. N. W. U. R. Co.* 42 Wis. 248, 3 N. W. 749; *Diana Shooting Club v. Lamoreux,* 114 Wis. 44, 54, 89 N. W. 880; *Rossmiller v. State,* 114 Wis. 169, 89 N. W. 839; *Doemel v. Jantz,* 180 Wis. 225, 229, 193 N. W. 393; *In re Crawford County L. & D. Dist.* 182 Wis. 404, 409, 196 N. W. 874; *Milwaukee v. State,* 193 Wis. 423, 214 N. W. 820. On the other hand, there is no allegation in the complaint that the city has suffered any private or special injury peculiar to itself, or that defendants' structures encroach upon or interfere with any property owned by the city or the exercise of any right vested in it. Consequently, the allegations of the complaint afford no basis for holding that there is alleged any cause of action to abate or enjoin a private nuisance. If there is any cause of action stated, it is to abate a public nuisance or purpresture, or to establish or vindicate the title to the bed of the lake, which is in the state in trust for the use of the public.

In either event, the city is not the real party in interest within the meaning of sec. 260.13, Stats., which (so far as is here material) provides that "Every action must be prosecuted in the name of the real party in interest. . . ." Among the grounds on which defendants challenge the complaint by their demurrer are that there was a defect of parties by reason of the omission of the state of Wisconsin; and that neither the first, second, nor third causes of action state facts sufficient to constitute a cause of action. Ordinarily, when an action to enjoin a public nuisance is commenced, it must, as prescribed by sec. 280.02, Stats., be

commenced and prosecuted "in the name of the state, either by the attorney general upon his own information, or upon the relation of a private individual having first obtained leave from said court to commence and prosecute the same." However, in so far as that statute restricts the commencement of such an action to either the attorney general or an individual, who has first obtained leáve of the court, its effect seems to have been modified by ch. 301, Laws of 1931, in so far as the commencement of such an action by the city of Madison in relation to the bed of Lake Monona is concerned.   In that enactment there is the following provision:

"Said city of Madison is hereby granted and given concurrent jurisdiction with the state of Wisconsin of and over said Lake Monona and its lake bed between the low-water mark or the dock lines heretofore established by this chapter and said city may bring any action to restrain, enjoin or abate any nuisance or purpresture within such limits."

That provision was evidently intended to authorize the commencement of such an action by the city of Madison, without first obtaining leave from the court as required by sec. 280.02, Stats.   But there is no provision in ch. 301, Laws of 1931, which purports to vest or create in favor of the city any right, title, or interest in or to the lake bed; or which authorizes the city to bring such an action in its own name, instead of in the name of the state, as the only real party in interest, in compliance with secs. 280.02 and 260.13, Stats., respectively.   Neither can the city maintain this action in its own name instead of the state because of the powers conferred upon cities in sec. 62.11 (5), Stats.   That section, so far as here material, provides:

"Except as elsewhere in the statutes specifically provided, the council shall have the management and control of the city property, . . . navigable waters, . . . and may carry out its powers by license, regulation, suppression, . . . confiscation, and other necessary or convenient means."

Even if that provision should be construed to authorize the city to commence and prosecute this litigation, there would still be no basis for considering that the city is the real party in interest, and is authorized to maintain this action in its name instead of in the name of the state. Likewise, no cause of action in favor of the plaintiff is stated for a declaratory judgment under sec. 269.56, Stats. It does not appear that any interest in the bed of Lake Monona is vested in the city of Madison. Again it is the state and not the city of Madison that is the real party in interest if this litigation is to be considered as an action for a declaratory judgment to establish the title of the state in the land in question, and to have structures thereon declared to be public nuisances and purprestures.

Consequently, however the complaint is regarded, it is apparent upon the face thereof that although causes of action may exist in favor of the state, which is not a party to the action, none are alleged in favor of the city of Madison. Under those circumstances, the complaint is demurrable on the ground that it does not state any cause of action (*Willard v. Comstock,* 58 Wis. 565, 17 N. W. 401), and the defendants' demurrer should have been sustained. The sufficiency of the allegations to state any cause of action whatsoever against the defendants has also been challenged in several other respects. However, there is no occasion to pass upon those contentions in the absence of the real party in interest.

*By the Court.*—Order reversed, and cause remanded with directions to enter an order sustaining the demurrer to the complaint.