CITY OF ALGOMA, Respondent, vs. PETERSON, Appellant.

*November 7—December 5, 1939.*

*Verne C. Lewellen* of Green Bay, for the appellant.

For the respondent there was a brief by *S. Knudson* of Algoma, and *W. E. Wagner* of Sturgeon Bay, and oral argument by *Mr. Wagner*.

FOWLER, J.   The action is by the city of Algoma to enjoin the defendant from proceeding with the construction of a gasoline service station in the city of Algoma.   Trial was had to the court.   Upon findings made by the court, judgment was entered enjoining the construction and directing removal of such portions of the proposed plant as had been constructed prior to the issuance of the temporary injunction granted at commencement of the suit.

The action is based upon two hypotheses : (1) The structures were being erected without procuring a permit from the mayor and city engineer as required by the terms of an ordinance of the city; and (2) the erection of the structures will endanger the safety of pedestrians and automobiles traveling in the streets adjacent to the structures.

(1) The circuit judge held that the ordinance under which the city claimed that a permit was required is void for want of prescribing any standard to control the authorities named

in the granting or refusing of the permit. This holding is correct under the rule of *Juneau v. Badger Co-operative Oil Co.* 227 Wis. 620, 277 N. W. 666. The point is fully discussed in the opinion in that case and no discussion of it is necessary here. The ordinance held void by the trial court, after prescribing "fire limits" within the city, provides:

"Before proceeding with the erection . . . of any building . . . within said fire limits, a permission therefor shall first be obtained by the owner or his agent from the mayor and chief engineer, and it shall be unlawful to proceed with such erection . . . within said fire limits, unless such permit shall first have been obtained from said mayor and chief engineer. Said mayor and chief engineer are hereby authorized in their discretion to grant permits in this ordinance provided for."

(2) The basis of the contention under (2) is in effect that the proposed construction will so endanger the public as to constitute a nuisance. The trial court, although holding that the proposed structures would not constitute a nuisance *per se,* seems to have considered that they would constitute a public nuisance in fact, although he did not expressly so find, and to have granted the injunction upon that ground. The right to commence actions for enjoining nuisances is governed by secs. 280.01 and 280.02, Stats.

Sec. 280.02, Stats., provides that an action may be commenced to enjoin a public nuisance in the name of the state by the attorney general upon his own information or upon the relation of a private individual who first obtains leave therefor from the court. The city is not a private individual, nor did it bring the action in the name of the state, nor did it first procure leave of the court to bring the action. This requires dismissal of the action. *Juneau v. Badger Co-operative Co., supra; Madison v. Wisowaty,* 211 Wis. 23, 247 N. W. 527; *State ex rel. Cowie v. La Crosse Theaters Co.* 232 Wis. 153, 286 N. W. 707. The plaintiff has no property that can be

affected by the erection of the gasoline station, and without that it cannot bring an action to restrain either a private or public nuisance under sec. 280.01, Stats. See *La Crosse Theaters Co. Case, supra.*

The trial court granted the injunction on the ground that sec. 62.11 (5), Stats., is broad enough to authorize maintenance by the city of the instant action. This statute is concededly extremely broad. It provides:

"(5) *Powers.* Except as elsewhere in the statutes specifically provided, the council shall have the management and control of the city property, finances, highways, navigable waters, and the public service, and shall have power to act for the government and good order of the city, for its commercial benefit, and for the health, safety, and welfare of the public, and may carry out its powers by license, regulation, suppression, borrowing of money, tax levy, appropriation, fine, imprisonment, confiscation, and other necessary or convenient means. The powers hereby conferred shall be in addition to all other grants, and shall be limited only by express language."

Assuming that it would cover power to maintain the instant action but for sec. 280.02, Stats., that the latter section precludes maintenance of the action by the city was held in *Madison v. Wisowaty, supra.*

From the above it follows that the city was without power to bring the instant action.

*By the Court.*—The judgment of the circuit court is reversed, and the record is remanded with direction to dismiss the complaint.