STATE EX REL. CITY OF ALGOMA, Appellant, vs. PETERSON, Respondent.

*January 14—February 10, 1942.*

For the appellant there was a brief by *S. Knudson,* city attorney, and *W. E. Wagener* of Sturgeon Bay, and oral argument by *Mr. Wagener.*

*Verne C. Lewellen* of Green Bay, for the respondent.

ROSENBERRY, C. J.   One phase of this controversy was before this court in a prior action and is reported in *Algoma v. Peterson* (1939), 233 Wis. 82, 288 N. W. 809.   Upon the former appeal the merits were not reached for the reason that the city was held to be without power to bring the action, and the complaint was dismissed.   Thereupon the city council authorized the commencement of the present action.   The first action was commenced July 11, 1938.   An interim zoning ordinance was passed by the city of Algoma on August 5, 1938.   A permanent zoning ordinance was passed by the city of Algoma June 8, 1939.   Both ordinances deny the right to construct a gasoline filling station at the point in question.

The physical situation is best disclosed by reference to Exhibit 3, reproduced herewith.

The defendant commenced the erection of the filling station the latter part of June, 1938.   In the first action an injunction preventing the defendant from proceeding further was issued on July 11, 1938.   At the time the injunction was served, the defendant had removed a two-row cedar hedge, four feet high and two or three feet in width, completely fronting the property on both Fourth street and Lake street, excavations had been made and two one-thousand-gallon tanks each ten feet long and five feet in diameter had been buried on the premises, a concrete abutment had been erected and two gasoline pumps ten feet apart had been placed thereon. Piping connecting the tanks with the pumps had been installed and gasoline had been placed in the tanks ready for

operation. A building twelve feet by fourteen feet by nine feet high was contemplated but no actual work on its erection had been done.

The court found the following facts:

"The property is in the form of a triangle and is formed by the intersection of Fourth and Lake streets. State Trunk Highway 42 passes through the city of Algoma over Fourth street which runs in a northerly and southerly direction. Lake street intersects Fourth street from the northeast forming the triangle in question. The triangle is located in a semi-business and residential district, and will in the future tend more to become a business rather than a residential street, since Fourth street, further north, is a main business street.

State Trunk Highway 54 ends with its intersection with Highway 42 at a point about 2 blocks south of the triangle and there is a *'Stop'* sign at that point compelling the traffic on 54 to stop before entering on 42. At the intersection of these two state highways there are two filling stations. One block further north there is another filling station, and north of the triangle on Fourth street there are four garages and filling stations, one of which, built recently, is directly across the street from the vocational school, a block north of the triangle the High school is located—a block west of the vocational school. Lake street is located between Fourth street and the shore of Lake Michigan, with the municipal park between Lake street and Lake Michigan. The park has a considerable frontage on the lake, both north and south of the triangle.

"A reading of the petition 'Exhibit 1' would lead one to believe that the menace to the public to be caused by the erection of the station was a secondary rather than a primary reason for enjoining its erection, and the filing of the request was the easy way out and whatever action taken by the council at that meeting was not done because the erection of a filling station at that location would create a public nuisance. That the particular location of the triangle and a curve in the highway at that point, which curve was exaggerated, the reflection of automobile lights toward the south into the faces of northbound traffic at night would inconvenience the 'drivers of northbound traffic to some extent.

"That a few minor accidents have occurred in the vicinity of the triangle during the past ten years, but were in no way connected with the lay of the land, so to speak. The location up to now has not seemed sufficiently dangerous to the officials to cause proper *'Stop'* signs to be placed nor crosswalks to be marked.

"That the testimony of the witnesses on behalf of the plaintiff taken as a whole, without even attempting to offset against them the testimony of the defendant's witnesses, is not sufficient to show that the erecting of a filling station would result in creating a public nuisance. The testimony offered in behalf of the defendant is more convincing to the court than is the testimony of the plaintiff as to whether or not a public nuisance will result.

"That the erection of a filling station, lighted as the stations are at night, would tend to decrease any hazard that may now exist, and would be better and would tend toward safety to have a gasoline station on this triangle than some other buildings, since almost any kind of other building would make more of a blind corner of the triangle than would the ordinary modern filling station. There is nothing in the city ordinance prohibiting the erection of another kind of building on this triangle.

"That the triangle property is sufficiently large for proper exits and entrances unto the respective highways."

The court concluded that the proposed gasoline station did not constitute a public nuisance *per se*. The plaintiff's "contentions," which are really assignments of error, are (1) that the erection of a gas filling station at the point in question will constitute a public nuisance, and (2) that the plaintiff can prevent the erection of a filling station under its general police power or under a zoning ordinance.

The plaintiff cites authority as to the meaning of the term "nuisance." Among other cases *Standard Oil Co. v. City of Minneapolis* (1925), 163 Minn. 418, 204 N. W. 165, is cited. However, that case involved the revocation of a license to maintain a gasoline filling station.

In the case of *Magnolia Petroleum Co. v. Wright* (1926), 124 Okla. 55, 254 Pac. 41, it was held that a municipality under the laws of Oklahoma has power to declare a thing a nuisance either because it is so *per se* or is such by reason of its location, management, or use, or of local conditions, surroundings, etc. But it was also held that the statutory grant of power did not empower a municipality to declare a thing a nuisance which was not in fact a nuisance.

In *Wadhams Oil Co. v. Delavan* (1932), 208 Wis. 578, 243 N. W. 224, the power of a city council to deny an application for the establishment of a filling station, on the ground that it would create an additional traffic hazard, was considered, and it was held that the city of Delavan had such

power. In this case the sole question is, Would the erection of the proposed filling station constitute a public nuisance? No question of license, building permit, or power to revoke license is involved. The city has not declared it to be a public nuisance.

In *Wasilewski v. Biedrzycki* (1923), 180 Wis. 633, 192 N. W. 989, we held that under the circumstances of that case the erection of a garage did not constitute a nuisance *per se*. In *Ballstadi v. Pagel* (1930), 202 Wis. 484, 232 N. W. 862, this court sustained a judgment permanently enjoining the erection of a gasoline filling station in a residential district on the ground that it would constitute a nuisance. A large number of authorities are cited in the note, "Automobile gas filling or supply station as a nuisance," 35 A. L. R. 95. See also 51 A. L. R. 1224. By the great weight of authority a gasoline and oil filling station is not a nuisance *per se*. Whether in a particular case it is a nuisance depends upon the facts of that case. In the majority of the cases in which it is held that a gasoline filling station is a nuisance, the station was located in a residential section. That in the exercise of its police power a city may regulate the location of gasoline filling stations in the interest of public safety admits of no doubt. Upon the facts found by the trial court in this case (the findings are not assailed on this appeal), the trial court was clearly right in holding that the erection of the proposed station did not constitute a public nuisance.

Our conclusion upon this branch of the case makes it unnecessary to consider other questions raised.

*By the Court.*—Judgment affirmed.