REGINO CABASSA, Plaintiff and Appellee, *v.* LUIS RAMÓN RIVERA, Defendant and Appellant.

No. 9617. Argued February 3, 1948.—Decided April 29, 1948.

*José Sabater* for appellant.   *A. Ramírez Silva* for appellee.

Mr. Justice Marrero delivered the opinion of the Court.

On August 16, 1947, the District Court of Mayagüez granted a petition for a preliminary injunction *pendente lite* filed by the plaintiff, and directed the defendant, Luis Ramón Rivera, his subordinates, attorneys in fact, agents, employees, and persons acting on his behalf and representing him, to refrain from continuing the construction, modification, or improvement of the premises owned by the defendant, which are mentioned in the petition, with the purpose of installing therein a pump for the sale of gasoline. Feeling aggrieved by that decision the defendant has appealed to this Court.

The record shows that Regino Cabassa filed in the said court a petition for injunction in which he alleged that ever since 1927 he has been uninterruptedly engaged in the purchase and sale of gasoline for motor vehicles, and that during all that time he has maintained a pump for the sale of gasoline to the public; that on March 13, 1946, the Municipal Assembly of Mayagüez, by a unanimous vote, passed an ordinance "to regulate the installation of gasoline pumps and stations, within the urban zone of Mayagüez; to establish penalties for violations thereof, and for other purposes"; that the defendant applied to the Board of Administration of the Municipality of Mayagüez for a permit to install, construct, and operate a gasoline pump in the premises owned by him, located at No. 42, Santiago R. Palmer Street, of said city, and that on November 21 of the same year the said board granted to him the requested permit; that when the petitioner learned of the granting of such permit, he submitted to the Board a written opposition, requesting that the above-mentioned permit be reconsidered and that defendant's application be finally denied; that during the pendency of petitioner's opposition, the defendant applied to the Insular Fire Service of Puerto Rico for a temporary permit, which was granted on January 31, 1947, to reinstall a tank and pump for selling gasoline in the above-mentioned premises; that on February 14 following, a hearing on petitioner's opposition was held and, as a result thereof, the Board of Administration of Mayagüez revoked the permit granted to the defendant; that meanwhile the Insular Fire Service of Puerto Rico revoked the permit granted to the defendant and in lieu thereof it issued to him a new temporary permit to construct a gasoline station in the said premises; that notwithstanding the revocation by the Board of Administration of the Municipality of Mayagüez of the permit granted to him, the defendant, with the deliberate purpose of ignoring the provisions of said ordinance, and unlawfully creating a public nuisance, on July 4, 1947, started the work for the

installation of a tank and pump for the sale and storage of gasoline in the premises already mentioned; that the pump so installed by the defendant lies at a distance of 53.5 meters from the pump belonging to the petitioner, at 118.5 meters from another pump existing in Post Street of Mayagüez, at 110 meters from Teatro Yagüez, at 100 meters from the Muñoz Rivera Public School, at 110 meters from the City Hall of the Municipality of Mayagüez, and at 120 meters from the Adelphia Lodge of Mayagüez; that the construction and installation of said gasoline pump by the defendant constitute a public nuisance because it endangers the life and safety of the persons who reside near said place; and that the defendant is violating the provisions of said ordinance, and has sought to establish an unlawful competition with the business of the petitioner, who has a vested right and to whom the operation of the defendant's pump for the sale of gasoline would cause irreparable injury.

The defendant, on his part, alleged that the petition did not state facts sufficient to constitute a cause of action (a) because it was based on a void ordinance, and (b) because municipal ordinances derive validity, either from an inherent power of the municipality to enact them, from a power to promulgate them under its charter, or from the grant to it of an express power therefor by the Legislature of Puerto Rico. He further maintained that the ordinance of the Municipality of Mayagüez is in conflict with Act No. 158 of 1942, as amended by Act No. 38 of May 4, 1944, creating the Insular Fire Service; that the power to issue licenses is not inherent in a municipality; that in the municipal ordinance which serves as a basis for the action brought, no power is conferred on the administrative board to revoke a license previously granted; that the ordinance in question discriminates among the persons who engage in the sale of gasoline in the city of Mayagüez; and that said ordinance seeks to create monopolies or privileges in favor of some vendors and against the others.

The questions of law raised by the defendant were amply argued and the lower court, as we have already indicated, granted the petition for a preliminary injunction. In support of his appeal the defendant urges that the lower court erred (1) in deciding that the municipal ordinance in question was valid and that the Municipal Assembly of Mayagüez had power to enact it, pursuant to the Municipal Law; (2) in deciding that the municipal ordinance is not in conflict with the Act of the Legislature creating the Insular Fire Service and that on the contrary both enactments may be harmonized and enforced; and (3) in deciding, contrary to the allegations of the defendant, that the ordinance in question does not create any discrimination among the persons who engage in the sale of gasoline in Mayagüez, nor establish monopolies or privileges.

■■ It is unquestionable that, pursuant to the provisions of § 7 of Act No. 53 of April 28, 1928 (Laws of 1928, p. 334), as amended by Act No. 294 of April 10, 1946 (Laws of 1946, p. 756),[1] the Municipal Assembly of Mayagüez has full power to enact an ordinance to regulate the installation or reconstruction of gasoline stations, within its jurisdiction. On the other hand, the regulation of gasoline pumps is clearly within the police power of the municipality. *Orme* v. *Arlas Gas*

---

[1] "Section 7.—That municipalities shall have full legislative and administrative powers in all matters of a municipal nature connected with works, education, charity, public order and safety, police, jails, asylums, hospitals, hygiene, the beautifying of the town (*ornato*), street alignment, opening of parks, building regulations, properties, excise and municipal revenues, public roads, water supply, public lighting, sewers, city transportation, cemeteries, markets, slaughter-houses, meatshops; all kinds of institutions and services; and other activities of benefit for the municipality in general, and for the development thereof; *Provided*, That such powers shall be exercised subject to such laws of Puerto Rico and of the United States and such ordinances of the Public Service Commission as may be in force, and no ordinance or resolution shall be adopted incompatible with said laws; *And Provided, Further*, That the health service in each municipality shall be in charge of a health officer or inspector appointed by the Commissioner of Health of Puerto Rico, whose salary shall be fixed by law, and all expenses of this health service shall be defrayed by the Insular Government; *And Provided, Also*, That public cleaning shall be under the direction of and shall be paid for by each municipality."

*& Oil Co.*, 217 Minn. 27, 13 N. W. (2d) 757, 762; *Shuford et al.* v. *Town of Waynesville et al.*, 214 N. C. 135, 198 S. E. 585 and *State* v. *Peterson*, 239 Wis. 599, 2 N. W. (2d) 253.

In discussing the first error assigned the appellant also contends that the title of the ordinance is inconsistent with its body. Said title reads as follows "Ordinance to regulate the installation of gasoline pumps and stations within the urban zone of Mayagüez; to establish penalties for violations thereof; and for other purposes." The language of the ordinance convinces us that its body is fully in harmony with its title. Of course, in order to regulate it is frequently necessary to restrict, and the fact that the installation, reconstruction, and operation of new pumps without a permit is prohibited does not mean there is no regulation involved.

In support of the above-mentioned assignment the appellant further maintains that the ordinance is unreasonable and that it has not been promulgated in good faith. The decision of the lower court was rendered on the basis of the questions of law raised and after a certain documentary evidence was submitted to it. From the examination we have made of the pleading and of the evidence, we would not be warranted in reaching the conclusion that the ordinance has *prima facie* the defects alleged.

The appellant also contends that the Municipal Assembly of Mayagüez has unduly delegated to the Board of Administration the enforcement of the ordinance in question, and that said board can not revoke a license after its issuance. Section 28 of Act No. 53 of 1928 "Establishing a system of local government for the municipalities of Puerto Rico," as amended by Act No. 253 of April 1, 1946 (Laws of 1946, p. 504), creates a board of administration for each municipality and fixes the powers vested in it. However, there is nothing which would prevent the municipality from delegating faculties to said board of administration or its principal officers in carrying out its police power. See McQuillin, Municipal Corporations, vol. 1, Rev. 2d ed., § 399, p. 1113. The board

of administration could, of course, revoke a license granted by it, especially in a case like the present one, in which the defendant had not yet acted under the license granted to him and in which he was given an opportunity to be heard before the license was revoked. Op. cit., vol. 3, § 1108, p. 709.

By Act No. 158 of May 9, 1942 (Laws of 1942, p. 848), the Insular Fire Service of Puerto Rico was established and organized. The Fire Chief, pursuant to the powers granted to him by § 4 of that Act, as amended by Act No. 38 of May 4, 1944 (Laws of 1944, p. 76), issued rules and regulations for the prevention of fires. Title IV of these rules refers to garages, repair shops, and gasoline filling stations. Such regulations have the force of law, provided, of course, that their provisions are in harmony with the Act granting the power to issue them.

A municipal ordinance, naturally, cannot be in conflict with the Acts of our Legislature. However, when both the State and the municipality, in the exercise of their police power, seek to regulate a certain subject, the ordinance will be considered valid unless it is impossible to harmonize it with the general law. 43 C. J., §§ 219 and 220, pp. 215 and 218; 37 Am. Jur., §§ 165 and 166, pp. 787–791. McQuillin, Municipal Corporations, vol. 2, rev. 2d edition, § 889, p. 1169. Cf. *Garcia* v. *Municipality,* 57 P.R.R. 525; *People* v. *Coto,* 24 P.R.R. 357; *The People* v. *Nochera,* 23 P.R.R. 561; *Fieldcrest Dairies* v. *City of Chicago,* 122 Fed. (2d) 132, 138; *Klingensmith* v. *Siegal,* 224 N. W. 680, 683. In the instant case, the ordinance of the Municipality of Mayagüez prohibits the installation of new pumps at a distance of less than 300 meters from a public school, hospital, clinic, etc. The regulations of the Insular Fire Service provides in its title IV, § 2 "that no permit shall be issued for garages, repair shops, or service stations for any building, . . . which is situated within 20 feet of the wall near buildings used as school, theater, or any other public place for entertainments or gatherings." The municipal ordinance is more strict and

requires more than the regulations. Furthermore, there exist other slight discrepancies between the requisites of the ordinance and those fixed by the regulations; but an examination of such requisites convinces us that, although the ordinance in some respects goes further than the regulations, it is in perfect harmony with the latter. As stated in 37 Am. Jur., § 165, p. 790, "The fact that an ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict therewith, unless the statute limits the requirement for all cases to its own prescription." The regulations which we have before us do not contain such a limitation; on the contrary, in the very permits, granted to the defendant by the Insular Fire Service on January 31 and March 4, 1947, it is stated that they *do not dispense with the necessity of obtaining the authorization from* the Departments of the Interior. . . or *the municipalities* where the same may be required." (Italics ours.) The second error assigned has not been committed either.

Since no oral evidence whatever was introduced, and since the pleadings and the documentary evidence presented are insufficient to convince us that the ordinance in question is discriminatory, the third error assigned is also nonexistent.

The decision appealed from should be affirmed.