In re Incorporation of Village of Elm Grove: Town
of Brookfield, Appellant, vs. Beisber and others,
Respondents.

*May 4—June 8, 1954.*

158

For the appellant there were briefs and oral argument by *Clayton A. Cramer* of Waukesha.

For the respondents there was a brief by *Dineen, Gleason, Shaughnessy & Dineen* of Milwaukee, and oral argument by *C. R. Dineen* and *William C. Dineen*.

BROWN, J.   The record before us shows that the town's motion to dismiss the January proceeding alleged generally that the application for incorporation was without merit, but was specific only in its allegation that the statute providing for the printing of notices had not been followed. The trial court's order of January 16, 1953, stated:

"The court, therefore, finds that the failure to comply with the said section of the statutes, publishing the notice of incorporation in the Elm Leaves, is jurisdictional; that all the proceedings are void; and the petition is dismissed."

Search of the record reveals no matters considered by the court other than the defective notice and its dismissal of the application for incorporation was for that cause alone. There was no appeal and it must stand as a verity now that the

first proceeding was dismissed for failure of the applicant to comply with statutory procedural requirements and not for any lack of merit in the territory, or in the disposition of its inhabitants, for its incorporation as a village.

The first question to be decided is whether an incorporation so begun and so ended prevents the court from entertaining a new proceeding for one year. Appellant's motion for summary judgment rests on the proposition that it does, relying on sec. 61.07 (3), Stats. The entire section recites:

*"Hearing; costs.* (1) If prior to the date set for a hearing upon such application there is filed with the court a petition protesting against the incorporation of such village, the court shall deny the application, after satisfying itself that such petition has been signed by a majority of the freeholders or the owners of more than one half of the property by assessed value in the territory proposed to be incorporated; providing, however, that this section shall not apply to counties having a population of 250,000 or over.

"(2) If such a petition is not filed, the court shall hear all parties interested for or against such application who shall seasonably appear; may in its discretion adjourn such hearing from time to time, direct a resurvey to be made or another census taken by whomsoever it shall appoint, and refer any question for examination and report thereon. Any town containing territory of the proposed new village shall upon application be a party and entitled to be heard on any matter pertaining to the right of such proposed territory to incorporate as a village.

"(3) If the court shall deny such application, it may, in its discretion, by order, compel the applicants to pay such disbursements or any part thereof as shall have been incurred by the parties opposing the same. No petition for the incorporation of substantially the same territory shall be entertained for one year following the date of the denial of such application or the date of any election at which incorporation was rejected by the electors."

The town's contention that the present petition is premature depends on the last sentence of the section just quoted.

In our interpretation of the statute the denial referred to, with its delaying result, is a denial of incorporation by the court upon the proceedings referred to in subsection (1) of such section. That is, the section, read as a whole, provides that if it is shown to the court that a majority of freeholders, or owners of a majority of property value, by signed petition oppose the incorporation, the court must deny the incorporation forthwith, just as though the effort to incorporate had advanced to the election stage and was beaten there. This provision looks to the merits of the application and is not concerned with the procedural conditions which are precedent to a hearing on the merits or to submission of the question to the electors.

Under appellant's theory that a dismissal or denial of an incorporation petition for procedural defects postpones for one year all other attempts to incorporate, it would follow that a summary judgment of dismissal now would occasion delay for a year from the date of such dismissal. Then, if an individual or group, whether sincerely desiring village status or not, should file a new petition within that year it, too, must be dismissed because premature and such dismissal would automatically invoke an additional year within which there could be no effective incorporation proceedings, and so on, forever. The same effect of perpetual postponement would result from a succession of petitions which, by design or otherwise, failed to comply with the statute in respect to survey, notice, number of persons signing the petition, or other preliminary requirements of secs. 61.01 to 61.06, Stats., inclusive. We cannot impute to the legislature any purpose that such repeated defective proceedings could stall incorporation in perpetuity but that, clearly, is the result of appellant's construction of the statute. Such construction is not necessary and we reject it, holding that the denial of the application which operates to delay a new proceeding for a year is a denial because a majority of freeholders or

the owners of more than one half of the property value have signed and filed a protesting petition (sec. 61.07 (1)), or because on the hearing (sec. 61.07 (2)) the court finds that the territory to be incorporated does not have the characteristics of a village. *State ex rel. Holland v. Lammers* (1902), 113 Wis. 398, 86 N. W. 677, 89 N. W. 501. The order of the trial court denying appellant's motion for summary judgment dismissing the proceeding is affirmed.

Going to the merits of the proposition, the trial court found the area proposed to be incorporated had all the characteristics of a village. In the absence of error we consider the evidence was ample to sustain the finding. But the town has appealed from the order granting the petition for incorporation, which rests on the finding, and has submitted numerous assignments of error.

The first contention is that the proposed village limits do not contain all the territory which might have been included without a violation of the principle that the area within the boundaries shall have the characteristics of a village. We find no requirement either in the statutes or the decisions that all eligible land must be included. Once it is established that the statutory qualifications exist and that the area within the proposed boundaries has the characteristics of a village, the size of the village and the location of its boundaries are matters within the choice of the electors of the territory proposed to be incorporated and not within the discretion of the court. The town cites *In re Jefferson County Farm Drainage* (1953), 264 Wis. 339, 59 N. W. (2d) 655, in which we said that drainage districts could not be deliberately created piecemeal out of parts of the territory to be drained. Sec. 89.52, Stats., permits an organized drainage district under certain circumstances to assess drainage costs against lands outside the district and to bring such lands into the

district, wherefore the owners of all drained lands should have a voice in the original organization. But a village has no such power to levy on or otherwise control or capture outlying areas without the consent of such area's inhabitants, and what was said in the *Jefferson County Farm Drainage Case* has no application to a requirement of territory to be included in incorporated villages.

The town submits that the territory proposed to be incorporated meets the qualifications of a city of the fourth class in area and population, wherefore the court should exercise its discretion and require this territory to become a city rather than a village. We do not consider that courts have any such discretion. We are referred to *State ex rel. Holland v. Lammers, supra*. This, page 417, held, among other things, that an area whose incorporation as a village is sought must be a village in fact with a reasonably compact center or nucleus of population, not a mere agricultural community. It may be argued that to be entitled to village status, just as the territory may not be an agricultural community, so it may not be a city. The point is not presently important for the learned trial court did not find that the area had the characteristics of a city rather than those of a village. On the contrary, it made the specific finding that it had all the characteristics of a village. In area and population it meets the requirements of sec. 61.01, Stats. Its character is found, on ample evidence, to be that of a village. The court may not require the territory to adopt some other form of government. That choice, legal qualifications being met, lies with the electors.

Appellant contends that the proposed village boundaries practically isolated one portion of the town from the rest of the town although a corridor of townland did in fact connect the two parts. The same question arose in *Lake v. Milwau-*

*kee* (1949), 255 Wis. 419, 39 N. W. (2d) 376. We held there that such a physical situation did not invalidate an attempted annexation. We see no reason why its effect upon an incorporation should be different.

The town also objects that the village limits are so drawn that the area within them is already thickly settled and there is little or no room for expansion. It is difficult to see where the town is aggrieved because the proposed village leaves the town more area than perhaps it might have done, but at any rate our search of the law reveals no requirement that a projected village must leave room within it for people who may want to become villagers at some future time. In *In re Village of Chenequa* (1928), 197 Wis. 163, 221 N. W. 856, referred to by appellant, we held that the inclusion of unpopulated areas within the corporate limits at the time of incorporation was not fatal to the requirement that the incorporated area have the characteristics of a village if such inclusion is reasonably related to the village's future needs. But it does not follow that a refusal to include anything except the well-populated area defeats the incorporation. *State ex rel. Holland v. Lammers, supra,* said only (p. 417) :

"*If* territory beyond the thickly settled limits is included, such territory ought reasonably to possess some natural connection with and adaptability to village purposes, and seem reasonably to be necessary for future growth and development." (Emphasis ours.)

Thus inclusion of unpopulated territory within the village limits may be justified but lack of inclusion affords no legal ground for complaint.

"Where the legislature enacts a general law for the incorporation of such municipalities, and even fixes minimum and maximum limits, the right to determine the area to be included in a given incorporation must rest with the inhabit-

ants perforce of the situation." *State ex rel. Holland v. Lammers, supra* (p. 416).

There is, however, a matter concerned with the hearing before the trial court in which we consider the town was truly aggrieved. To prove that the territory proposed to be incorporated had the characteristics of a village, the incorporators offered an expert witness of wide experience in the municipal planning of large and small communities. The town objected to his qualifications and competency. The objection was overruled and his testimony was received. In opposition the town offered an expert of at least equal qualifications and respondent objected to his competency. The objection was sustained. The town made an offer of proof that the witness would testify that the territory *lacked* the characteristics of a village in various respects. The offer of proof was rejected and the court refused to hear appellant's witness. This was clearly error. Perhaps originally the court might have held that the question was not one for expert testimony at all, but, having accepted and having heard an expert on one side, it was error to refuse to hear one equally expert on the other. Having set the standard, the court was obliged in justice to conform to it. There remains the question of whether this error was prejudicial. We think it was. The rejected testimony might or might not have persuaded the court to a different conclusion than the one actually reached. The prejudice does not lie in the assumption that the testimony, if received, would certainly have affected the result but rather in the fact that the appellant was not permitted to give evidence, which might have been persuasive on a material point, by a qualified witness when that opportunity was extended to respondents. For this reason we consider the order must be reversed and the cause remanded for

rehearing on the question of whether the territory proposed to be incorporated possesses the characteristics of a village.

*By the Court.*—Order denying appellant's motion for summary judgment affirmed. Order granting the petition for incorporation reversed, and cause remanded for rehearing on the question of whether the territory proposed to be incorporated possesses the characteristics of a village, and for further proceedings consistent with the determination of that question and with the opinion.