Joint School District No. 1, Appellant, vs. Boyd and others (County School Committee), Respondents.

*May 4—June 1, 1955.*

For the appellant there were briefs by *Fugina, Kostner, Quinn & Ward* of Arcadia, and oral argument by *LaVerne G. Kostner* and *Clarence E. Fugina.*

For the respondents there was a brief by *Gary B. Schlosstein,* district attorney of Buffalo county, and oral argument by *Gary B. Schlosstein* and *B. H. Schlosstein,* both of Cochrane.

GEHL, J.   The provisions of sec. 40.91 (4) and (5), Stats., prescribe the manner in which tuition for nonresident pupils shall be determined. The various items of cost to be considered are set forth. It is provided that in no case shall

the amount of the claim per week per student be more than $6, less the sum of the state and county aids received from the county of residence of tuition pupils and federal aids, except that a greater amount shall be payable when a certificate of approval of the same shall have been filed with the county clerk by the county school committee. It is provided that upon receipt of tuition claims in excess of the $6 maximum the county clerk shall notify the County School Committee and the clerks of the district concerned to meet at a specified time at which meeting a majority vote of the committee shall determine the amount to be allowed in excess of the maximum specified. The amount so determined shall be certified by the committee to the county clerk. Then follow provisions for the assessment of taxes to provide the funds necessary for and the payment of the claims.

It is not contended that there was failure to comply with the provisions of the statute. There is no provision in the statute for an appeal from the action of the committee.

Defendants do not question that if the School Committee exceeded its proper jurisdiction certiorari is available to plaintiff. They contend that the record fails to disclose that the committee acted without or beyond its jurisdiction. If, in reaching the result of which plaintiff complains, the committee acted in clear violation of law the error is jurisdictional. *State ex rel. Augusta v. Losby,* 115 Wis. 57, 90 N. W. 188.

If the committee action was arbitrary or unjustly discriminatory, as is claimed by plaintiff, that fact does not of itself entitle it to the writ. It is not entitled to it unless it has sustained an injury from the ruling of which it complains. *State ex rel. Skogstad v. Anderson,* 130 Wis. 227, 109 N. W. 981; *State ex rel. Goldsmith Bldg. Co. v. Bolan,* 259 Wis. 460, 49 N. W. (2d) 409.

Plaintiff does not appear as a taxpayer of Buffalo county contending that public funds have been improperly appropri-

ated. It had no standing before the committee, and it has none here, except as a claimant for allowance of its claim upon the basis prescribed by the statute. It is not claimed that any other basis was used.

It is not claimed that defendant failed to pay plaintiff what was due upon its claim nor is it argued that plaintiff was entitled as a matter of right to more than $6 per week per pupil less the deductions authorized by the statute. It does not appear that any valid ground existed for requiring the committee to allow plaintiff more than it did. It is not claimed that more was paid upon the claims of Buffalo county districts than was authorized by the statute. Nor does it appear that the amount allowed the plaintiff was in any way affected by defendant's action upon the claims of Buffalo county districts. Consequently, plaintiff has failed to establish that it has in any way been injured by any action of the defendants. It is not entitled to the writ.

The prayer of the petition for the writ is that the claim of the plaintiff be allowed as filed. To comply it would require that we substitute our judgment for that of the School Committee; that we exercise the discretion which is by statute granted exclusively to the committee; that we determine as an original proposition that plaintiff is entitled to more than was allowed it, despite the fact that it concedes that except for the alleged discrimination it would have to be content with the amount allowed by the committee. The court is powerless to grant the relief asked.

We do not hold that the committee acted properly or wisely in disposing of these respective claims as it did. It is not necessary that we pass upon that issue. We base our conclusion upon the fact that plaintiff has failed to show that it has been aggrieved by the committee's action, and that this court is without power to grant the relief demanded.

Plaintiff contends that if the statute is to be construed as permitting what is designated by it as unjust discrimination

it is unconstitutional. For the reasons already stated plaintiff is in no position to attack the statute upon that ground. It has not shown that it has been injuriously affected by application of the statute. "No one can plead the unconstitutionality of a law unless he is affected by it." *Appeal of Van Dyke,* 217 Wis. 528, 547, 259 N. W. 700. That is true, though there may be others affected by it and who might therefore raise the question. *Verhelst Construction Co. v. Galles,* 204 Wis. 96, 235 N. W. 556.

*By the Court.*—Judgment affirmed.

BROADFOOT, J., took no part.