CITY OF MILWAUKEE, Plaintiff and Appellant, v. TOWN OF OAK CREEK and others, Defendants: CITY OF OAK CREEK, Interpleaded Defendant and Respondent.*

*September 10—October 6, 1959.*

* Motion for rehearing denied, with $25 costs, on December 1, 1959.

For the appellant there were briefs by *Walter J. Mattison,* city attorney, and *Richard F. Maruszewski, John F. Cook,* and *Harvey G. Odenbrett,* assistant city attorneys, and oral argument by *Mr. Cook* and *Mr. Maruszewski.*

For the respondent there was a brief by *Joseph E. Tierney* and *Eugene H. Grobschmidt,* city attorneys, and *Kneeland A. Godfrey* and *Walter H. Bender* of counsel, all of Milwaukee, and oral argument by *Mr. Bender* and *Mr. Tierney.*

DIETERICH, J.   A search of the amended complaint to see what interest Milwaukee has asserted on which it seeks to base its right in this action to challenge the incorporation of the city of Oak Creek includes the following allegations set forth in paragraphs 7, 8, and 9 of the plaintiff's amended complaint:

"7. That, upon information and belief, the defendant town through its officers acting purportedly pursuant to ch. 500, Laws of 1955, is purportedly proceeding with an attempt toward the incorporation of the town of Oak Creek as a city of the fourth class.

"8. That on July 29, 1955, a proposed ordinance was introduced into the common council of the plaintiff, city of Milwaukee, to annex a certain territory within the town of Oak Creek; that the proposed ordinance was adopted on October 4, 1955, and published on October 14, 1955; that said ordinance is ordinance No. 324 of the plaintiff, city of Milwaukee, common council file No. 55–1604–a; that a

copy thereof is attached hereto and marked 'Exhibit A' and made a part hereof as if herein set forth in full; that, upon information and belief, the territory described in 'Exhibit A' and owned by the city of Milwaukee was a part of the town of Oak Creek at the time the purported proceedings to attempt to incorporate the town of Oak Creek as a city of the fourth class were purportedly commenced; that the plaintiff, city of Milwaukee, was, prior to the time the attempt to incorporate the town of Oak Creek was purportedly commenced, and is now the owner of the lands described in said 'Exhibit A' hereof; that the proceedings to annex the said territory described in 'Exhibit A' were commenced prior to and were pending and were being prosecuted in reason and good faith at the time the purported incorporation proceedings of the town of Oak Creek were attempted to be commenced, so plaintiff is informed and believes; that the territory described in 'Exhibit A' became a part of the city of Milwaukee on October 19, 1955; that such land annexed to the city of Milwaukee, upon information and belief, is included in the territory purportedly attempted to be incorporated as a city of the fourth class.

"9. That, upon information and belief, a notice was posted and published pursuant to sec. 62.07 of the Wisconsin statutes setting forth that an annexation petition was to be circulated for the annexation of another certain territory to the city of Milwaukee; that the said certain territory described in the said notice, so plaintiff alleges upon information and belief, was described as follows: . . . ; that, upon information and belief, the proceeding was commenced to annex the afore-described area within the town of Oak Creek and adjacent to the city of Milwaukee to the city of Milwaukee by the posting of said notice on August 2, 1955, which notice set forth that an annexation petition was to be circulated and included an accurate description of the territory involved, and was posted in nine public places in the town of Oak Creek, and that a copy of such notice was also published in a newspaper of general circulation within the county of Milwaukee on August 3, 1955, and republished on August 4, 1955; that, upon information and belief, the content of the said notice so posted and published was as appears on

'Exhibit B' attached hereto, which is made a part hereof as if herein set forth in full; that, upon information and belief, a petition was caused to be circulated for the annexation of the territory described in the aforesaid notice within the time provided in sec. 62.07 of the Wisconsin statutes."

The record discloses that at the time the plaintiff amended its complaint, May 19, 1957, the annexation proceedings of the city of Milwaukee which were started on August 2, 1955, had not been pursued.

In *Brown Deer v. Milwaukee* (1956), 274 Wis. 50, 63, 79 N. W. (2d) 340, it is stated:

". . . that a territory cannot be exempted for long from a competing consolidation by irresponsible posting of annexation notices, for in order to hold its priority, the annexation must be completed within a reasonable time. *In re Village of Brown Deer,* 267 Wis. 481, 484, 66 N. W. (2d) 333."

The posting of the annexation notices on August 2, 1955, and the claiming of priority thereunder, failed to meet the reasonable-time requirement and, therefore, was no bar to the proceeding for incorporation of the city of Oak Creek.

The certificate of incorporation of the city of Oak Creek described the territory included in the city of Oak Creek and expressly excluded any and all of the area owned by the city of Milwaukee, and included in the annexation ordinance of October 4, 1955, and it became complete on December 15, 1955, when the secretary of state issued the certificate of incorporation to the city of Oak Creek. The incorporators of the city of Oak Creek were not required to include the area owned by the city of Milwaukee. *In re Village of Oconomowoc Lake* (1959), 7 Wis. (2d) 400, 97 N. W. (2d) 189, and *In re Village of Elm Grove* (1954), 267 Wis. 157, 64 N. W. (2d) 874.

Sec. 260.13, Stats., provides:

"REAL PARTY IN INTEREST MUST PROSECUTE. Every action must be prosecuted in the name of the real party in interest . . ."

In the early case of *Robbins v. Deverill* (1865), 20 Wis. *142, *148, this court held that:

"The statute is imperative, that every action must be prosecuted in the name of the real party in interest . . ."

See also *Sawtelle v. Ripley* (1893), 85 Wis. 72, 74, 55 N. W. 156, and *Madison v. Wisowaty* (1933), 211 Wis. 23, 27 *et seq.*, 247 N. W. 527.

The rule on this subject is stated in 11 Am. Jur., Constitutional Law, p. 748, sec. 111:

"One of the elementary doctrines of constitutional law, firmly established by the authorities, is that the constitutionality of a legislative act is open to attack only by a person whose rights are affected thereby. Before a law can be assailed by any person on the ground that it is unconstitutional, he must show that he has an interest in the question in that the enforcement of the law would be an infringement on his rights. Assailants must therefore show the applicability of the statute and that they are thereby injuriously affected. The burden of proof is upon those who claim themselves harmed by a statute to show how, as to them, the statute is unconstitutional. Thus, one who invokes the power of the court to declare an act of congress to be unconstitutional must be able to show not only that the statute is invalid, but that he has sustained, or is in immediate danger of sustaining, some direct injury as the result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally."

In *Joint School Dist. v. Boyd* (1955), 270 Wis. 222, 226, 70 N. W. (2d) 630, this court said:

" 'No one can plead the unconstitutionality of a law unless he is affected by it.' *Appeal of Van Dyke,* 217 Wis. 528, 547, 259 N. W. 700. That is true, though there may be others affected by it and who might therefore raise the question. *Verhelst Construction Co. v. Galles,* 204 Wis. 96, 235 N. W. 556."

The rights or interest of the plaintiff, city of Milwaukee, are in no way affected adversely by the incorporation of the city of Oak Creek under the provisions of sec. 60.81, Stats., and therefore it was not a real party in interest as required by sec. 260.13, and the demurrer interposed on behalf of the interpleaded defendant, city of Oak Creek, to the amended complaint of the plaintiff, city of Milwaukee, is sustained.

In view of our decision, all other questions become moot.

*By the Court.*—Order affirmed.

FAIRCHILD, J. (*dissenting*). I respectfully dissent from the determination that the city of Milwaukee has not shown the type of interest affected by the incorporation of the city of Oak Creek which would give it standing to challenge the validity of the latter. In my opinion this court should proceed to consider the merits of the case.

The city of Milwaukee argues that it has the necessary standing because of its ownership of property within the town and its proceeding to annex that property, and because of its proceeding to annex other property, commenced shortly before the incorporation proceeding. The majority tests this matter of the city's standing as of May 19, 1957, when an amended complaint was served. Under the circumstances of this case, it is my opinion that the lapse of time between the original and the amended complaint should not be counted against the city of Milwaukee.

This action was commenced against the town of Oak Creek and others on September 30, 1955, before completion of the incorporation proceeding and, in fact, for the purpose of

preventing its completion. In June, 1956, the circuit court gave judgment adverse to the city of Milwaukee and the city appealed.

Counsel, one of whom now appears of counsel for the city of Oak Creek, appeared here as *amici curiae* and moved that the appeal of the city of Milwaukee be dismissed on the grounds (1) that the city of Oak Creek has not been made a party defendant, (2) that there is no existent party respondent, and (3) that the city of Milwaukee has not the requisite interest to maintain the action or to prosecute the appeal. On April 2, 1957, we denied the motion and remanded the cause to the circuit court "in the interests of justice." We said "Permission is granted to the plaintiff, city of Milwaukee, in the court below to interplead the city of Oak Creek as a necessary party in interest without prejudice to the plaintiff to challenge the validity of the organization of the city of Oak Creek in appropriate pleadings after such interpleader."

The original complaint alleged the same facts as to the interest of the city of Milwaukee as did the amended complaint, and the latter differed only in that the city of Oak Creek was joined pursuant to our order.

Probably our denial of the motion to dismiss was not binding upon the city of Oak Creek, which was not then a party. In my opinion, however, the city of Milwaukee having shown a sufficient standing to challenge the incorporation before it occurred, and having commenced the action to do so, it should not be deemed to have lost that standing because of the lapse of time or change of circumstances before joinder of the city of Oak Creek as a defendant.