NASH, Appellant, vs. FRIES and others, Respondents.

*May 10—June 21, 1906.*

*Constitutional law: Vesting legislative power in court: Organization of towns: Statute construed: "Discretion."*

Ch. 21, Laws of 1905, provides that upon the hearing of a petition for organization of a town the circuit court "shall file findings of fact, . . . and if it shall appear that the facts set forth in the petition are true, and all the requirements of" the law "have been complied with, in its discretion, shall enter an order" creating the territory into a town, etc. *Held,* that the act

authorizes the court to exercise only the discretion which always rests with the trier of facts, and does not confer upon it any discretion as to the expediency or propriety of making the order when the requisite facts are found. It is therefore not invalid as vesting a legislative function in the court.

APPEAL from an order of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge.    *Reversed.*

Appellant, together with other citizens and freeholders, presented a petition alleging all the facts required by ch. 21, Laws of 1905, for the organization of the town of Shanagolden, in Ashland county, whereupon the court, on motion of attorneys for respondent, dismissed said petition, on the ground that sec. 775*d* (sec. 1, ch. 21, Laws of 1905), under which said petition had been filed, is unconstitutional, from which order *Nash,* one of the petitioners, appeals.

For the appellant there was a brief by *Sanborn, Lamoreux & Pray,* and oral argument by *A. T. Pray.*    As to the meaning of the word "discretion" they cited 11 Cent. L. J. 504, 505; *In re Leonard,* 15 Fed. Cas. 331; *State ex rel. Lamb v. Cunningham,* 83 Wis. 90, 137; *Towle v. State,* 3 Fla. 202, 214; Coke, Litt. 227, b; 14 Cyc. 383; *Rooke's Case,* 5 Coke, 99; *Darling v. Westmoreland,* 52 N. H. 401, 408; *Colburn v. Groton,* 66 N. H. 151, 28 Atl. 95; *Bundy v. Hyde,* 50 N. H. 116, 120; *Rex v. Wilkes,* 4 Burr. 2527, 2539.

For the respondents the cause was submitted on the brief of *Lamoreux & Shea.*    They cited Const. art. IV, sec. 1; *In re North Milwaukee,* 93 Wis. 616, 624; *Glaspell v. Jamestown,* 11 N. Dak. 86, 88 N. W. 1023; *Murray v. Buell,* 74 Wis. 14, 18.

DODGE, J.    Ch. 21, Laws of 1905, provides that contiguous territory containing at least a government township, being part of any town or towns and having at least fifty resident electors and an assessed valuation of at least $100,000, may be organized into a town upon compliance with the fol-

lowing three sections.    The first of said sections (sec. 775$b$) provides for presentation to the circuit court of a petition by a majority of the resident electors and homesteaders of the proposed territory, correctly describing the same, naming the town or towns of which it is a part, containing the names of the resident electors and assessed valuation of the territory and the proposed name of the new town, and duly verified by at least three signers.    The court then fixes a date for hearing and prescribes notice.    The next section (sec. 775$c$) authorizes protests, and directs that the hearing of the petition shall be tried as an issue of fact by the court.    Then sec. 775$d$ provides:

"The court shall file findings of fact at the close of such hearing, and if it shall appear that the facts set forth in the petition are true, and all the requirements of the three preceding sections have been complied with, in its discretion, shall enter an order creating such territory into a town, naming the same," etc.

The question for decision, namely, the constitutionality of this law, depends upon the construction which we must give to the three words, "in its discretion," contained in sec. 775$d$.    If they are intended to vest in the court authority to pass upon the wisdom and policy of the creation of a new town after all of the facts specified in the statute have been found to exist, then the legislation clearly falls within the criticism made in *In re North Milwaukee,* 93 Wis. 616, 67 N. W. 1033, upon the statute there considered.    It would then be obvious that the legislature had attempted to delegate to the court the function of deciding a question of legislative policy, and not merely the ascertainment of the existence of certain facts and conditions upon which the legislature had decided and declared the purpose and policy that a new town should be created.    If, on the other hand, this phrase may be considered as referring back to the requirement for filing findings of fact and ascertainment as to whether the facts set forth in the petition are true and all

the requirements of the three preceding sections have been complied with, and to call upon the court merely to exercise that judicial function of judgment and discrimination in weighing evidence and making up its conclusion which is also often referred to as discretion, it would not be obnoxious to the case above cited. It would then merely refer to the court the ascertainment and decision as to the existence of certain necessary preliminary facts, and, when those facts are found to exist, would impose upon it the absolute duty of making an order which, by behest of the legislature itself, would bring into existence the new town. Thus the law itself would pass upon all questions of policy and expediency, which are legislative, and would refer to the court nothing but the judicial function of trying and determining the facts upon which the law is to become effective. *Dowling v. Lancashire Ins. Co.* 92 Wis. 63, 65 N. W. 738.

The phraseology of the section is unfortunate if the latter be the legislative meaning. It must be admitted that the three words under consideration practically add nothing to the functions which would be imposed on the court by the statute if they were eliminated, for no court can properly and judicially try an issue of fact without the exercise of that wisdom and judgment which in that case would be designated as discretion. Nevertheless, by many authorities, the word "discretion" is properly enough used to express that judicial judgment in discriminating as to weight and cogency between different witnesses and between conflicting evidentiary documents and circumstances which must be exercised in reaching any conclusion of fact from evidence. Said this court, per ORTON, J., in *Murray v. Buell,* 74 Wis. 14, 18, 41 N. W. 1010, 1011:

"There are different kinds of discretion that may be exercised by the trial court. . . . In all cases courts must exercise a discretion in the sense of being discreet, circumspect, prudent, and exercising cautious judgment."

Again, by PINNEY, J., in *Dowling v. Lancashire Ins. Co.* 92 Wis. 63, 68, 65 N. W. 739, by way of quotation, "half the statutes on our books are in the alternative, depending upon the discretion of some person or persons, to whom is confided the duty of determining whether the occasion exists for executing them." See, also, *State ex rel. Lamb v. Cunningham,* 83 Wis. 90, 137, 53 N. W. 35; *Darling v. Westmoreland,* 52 N. H. 401, 408; *Osborn v. Bank of U. S.* 9 Wheat. 738, 866.

It is, of course, the duty of courts to presume an intention on the part of the legislature to act constitutionally, and, as between two constructions of a statute, one of which would be within the legislative power and the other forbidden to it, to adopt the former if at all reasonable. It is only when the unconstitutional purpose is clear beyond a reasonable doubt that a court can be justified in declaring void an act of the legislature. *Att'y Gen. v. Eau Claire,* 37 Wis. 400, 438; *Johnson v. Milwaukee,* 88 Wis. 383, 389, 60 N. W. 270; *Verges v. Milwaukee Co.* 116 Wis. 191, 198, 93 N. W. 44. In view of these considerations we deem it permissible, and therefore our duty, to read this law as commanding the court, upon presentation of such petition as is required, to enter the order of incorporation, if, upon trial of the facts, exercising in so doing that discretion which always rests with the trier of facts, it finds the conditions prescribed by the statute to have been duly alleged and to exist, and consequently to hold that it does not confer upon the court any authority to exercise its discretion over the expediency or propriety of making the order when such facts are found. Upon this construction there is nothing of the legislative function attempted to be vested in the court, and therefore the objection made to the law is untenable.

*By the Court.*—Order appealed from is reversed, and cause remanded for further proceedings according to law.