FENTON and others, Appellants, vs. RYAN and others, Respondents.

*September 18—October 5, 1909.*

*Villages: Boundaries and area: Legislative discretion: Questions for courts: Constitutional restrictions: Water areas.*

1. The legislature, having the power to create villages, necessarily has a large discretion in the matter of determining what their boundaries shall be; and the courts will interfere with legislative action in that matter only when the discretion has been abused and there has been a violation of sec. 3, art. XI, Const.

(requiring the legislature to provide for the organization of incorporated villages), or of sec. 23, art. IV (requiring uniformity in town and county government).

2. Restrictions upon the size and with respect to density of population of territory which may be included in an incorporated village must be implied from the name of the corporation and the purpose for which it is incorporated.

3. It may well be that it is competent for the legislature to say, as in sec. 854, Stats. (1898), that the area of a village to be incorporated shall not be less than one half a square mile, on the ground that territory to that extent is reasonably necessary to carry out the purposes for which villages are incorporated.

4. The inclusion in a new village of territory, in excess of one half a square mile, consisting of sparsely settled rural or agricultural lands not having the distinctive characteristics of a village or any natural connection therewith, and not reasonably appurtenant and necessary for the future growth of the village, would be an invasion of the uniformity in town and county government required by sec. 23, art. IV, Const.

5. Whether, in a given case, the territory in excess of one half a square mile which it is proposed to include in a new village is such that it may properly be included therein, is a question for the courts. A *dictum* to the contrary in *In re North Milwaukee,* 93 Wis. 616, *held obiter.*

6. A holding by the circuit court in this case that a water area of seventy-five acres embraced within the boundaries of a proposed village should be included as part of the one-half square mile provided for by sec. 854, Stats. (1898), was not erroneous; nor was it tantamount to a holding that no village could be incorporated which bordered on a large body of water, since the petitioners need not include water areas in their proposed boundaries, nor is there any statutory limitation of the area of the village other than that it shall not include the entire town or towns.

APPEAL from an order of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

The appeal is from an order denying the application of the petitioners for an order incorporating the village of Kimberly.

For the appellants there were briefs by *C. G. Cannon,* attorney, and a separate brief by *Hooper & Hooper,* of counsel, and oral argument by *Mr. Cannon* and *Mr. Moses Hooper.*

For the respondents the cause was submitted on the brief of *Albert H. Krugmeier.*

BARNES, J. The court found that of the 576 acres embraced within the boundaries of the proposed village about 465 acres were rural or agricultural lands sparsely settled, not having the distinctive characteristics of a village, and not reasonably appurtenant to the remaining territory, and not necessary to be included within the limits of the proposed village for any legitimate purpose. Of the remaining 113 acres the court found that seventy-five acres were covered with water, and that the settled portion of the proposed village contained but thirty-eight and one-half acres, and that one half a section of land, including the submerged acreage, was ample territory for the proposed village, in view of its location, surroundings, and prospect of future growth. Upon the findings so made the court denied the application of the petitioners.

But one substantial objection is urged in support of the claim that the order appealed from is erroneous. It is argued that it is no proper function of a court to decide whether the proposed boundaries include an excessive amount of land, so long as the proposed area does not conflict with any statutory requirement. It is urged that the matter of fixing the limits of the village is a legislative or political question and not a judicial one, so long as such limits include one half a square mile in area and do not include the entire town. The cases of *In re North Milwaukee,* 93 Wis. 616, 67 N. W. 1033, and *Nash v. Fries,* 129 Wis. 120, 108 N. W. 210, are cited as sustaining the contention so made. It is held in the *North Milwaukee Case* that courts cannot decide questions of legislative policy by determining whether or not a village should be incorporated; that the legislature may say what prerequisites must exist and what steps must be taken before incorporation can be effected, and may authorize the courts to determine

whether such facts exist, but that no discretion can be vested in the courts to grant or refuse a certificate of incorporation. It was said by way of illustration that a court might determine such questions as whether the survey was correct, whether the population was as large as the statute required in proportion to the area, and whether the statutory requirements have been complied with on all questions of fact which the court may determine, but that the court might not determine whether the lands embraced in the petition should justly be included in the village, or whether the interests of the inhabitants would be promoted by the incorporation, or whether the boundaries of the village could be enlarged or diminished as justice might seem to require; such questions being legislative or political and not judicial. In *Nash v. Fries, supra,* it was held that if ch. 21, Laws of 1905, should be construed as vesting any discretion in the court to say whether a new town should be organized or not, the law could not be upheld under the rule of the *North Milwaukee Case.*

If, as contended by counsel for appellant, the court, in deciding that the boundaries of the proposed village included territory which should have been excluded, was passing upon a question that was legislative and not judicial, it follows as a matter of course that the order appealed from is erroneous under the decisions referred to. That the question is one for judicial determination is decided in *State ex rel. Holland v. Lammers,* 113 Wis. 398, 86 N. W. 677, 89 N. W. 501. In deciding that case the court construed the law providing for the incorporation of villages in connection with sec. 3, art. XI, of our constitution, which declares that "It shall be the duty of the legislature, and they are hereby empowered, to provide for the organization of cities and incorporated villages," and also in connection with sec. 23, art. IV, of the constitution, which provides that "The legislature shall establish but one system of town and county government, which shall be as nearly uniform as practicable." The court there

defined what a village was understood to mean at the time of the adoption of the constitution, and held: (1) That if the law authorizing the incorporation of villages, as properly construed, permits rural territory possessing none of the attributes of villages to change from town to village government at will, it cannot be sustained. (2) That the law providing for the incorporation of villages fixes no limitation as to the maximum size of the territory that may be incorporated, except that it must be part of a town or towns, and prescribes no restriction as to density of population, except that it shall contain a resident population of not less than a stated number. (3) That a village means an assembly of houses less than a city, but nevertheless urban or semi-urban in its character, and having a density of population greater than can usually be found in rural districts, and that this was the understood meaning of what constituted a village at the time the constitution was adopted. (4) That if the law providing for the incorporation of villages contains no restriction upon the size or density of population of the territory sought to be incorporated, a restriction must be implied from the name of the corporation and the purpose for which it is incorporated. (5) That only territory urban in character, with such adjacent lands as are naturally connected with and are reasonably appurtenant and necessary for future growth in view of the surroundings and circumstances of the location and prospects of future prosperity, may be incorporated in the village. (6) That the territory seeking admission as a village must be harmonious with the idea of what a village actually is. It may not include large areas of rural or agricultural lands sparsely settled or widely distributed. It may only include lands having the distinct characteristics of a village, and such additions as have a natural connection with and seem reasonably appurtenant to and necessary for future growth. (7) That it is a question of fact, to be determined in each case as the question arises, whether the provisions of the constitu-

tion.referred to may be violated by including territory within the limits of the village which should not be included therein. Such inquiry is judicial, not legislative, at least in the absence of any legislative declaration on the subject. (8) That the right to incorporate a village under sec. 854 is limited to such territory as possesses the characteristics mentioned. It must be a village in fact, with a reasonably compact center or nucleus of population, and not a mere agricultural community. If territory beyond the thickly settled limits is included, such territory ought reasonably to possess some natural connection with and adaptability to village purposes and seem reasonably to be necessary for future growth and development. (9) That in the absence of some specific legislation the courts must meet and determine in each given case the fact as to whether these restrictions have been overstepped.

It will be observed that the only declaration the legislature has made which affects the case before us for consideration is that any part of any town or towns not less than one half a square mile in area and not included in any village and all lying in the same county, which shall contain a resident population of 300 persons therein, may become incorporated as a village by taking certain steps enumerated in the statute. The legislature, having the power to create villages, necessarily has a large discretion in the matter of determining what the boundaries of such villages shall be. It is only when the discretion has been abused and the provisions of the constitution referred to have been violated that the courts may interfere with legislative action. The legislature has acted to the extent of saying that the area of the village which it is proposed to create shall not be less than one half a square mile. Beyond this the legislature has not gone. It may well be that it is entirely competent for the legislature to say that territory to the extent named is reasonably necessary to carry out the objects and purposes for which villages are incor-

porated.    When we get beyond the legislative declaration, however, it would seem to be clearly a question of fact for the court to determine in each instance, under the law as it stands, whether the territory in excess of one half a square mile which it is proposed to include possesses the attributes which should naturally belong to territory included within the confines of an incorporated village.    If it is proposed to include rural or agricultural lands that are sparsely settled, and that have not the distinctive characteristics of a village, and have no natural connection therewith, and which do not seem to be reasonably appurtenant and necessary for the future growth of the village, then the uniformity of town and county government guaranteed by the constitution is invaded under the decision of this court in *State ex rel. Holland v. Lammers,* 113 Wis. 398, 86 N. W. 677, 89 N. W. 501. There cannot be any doubt that such a question is judicial in its character.    The courts are the ultimate tribunals to determine whether or not the constitution has been violated in a given case.    It is not seriously contended in this case that the facts as found by the court are not supported by the testimony.    This being true, we see no escape from the conclusion that it would be a violation of the provisions of the constitution referred to, to incorporate this village and include within its boundaries the amount of territory described in the petition for incorporation.    The statement in the *North Milwaukee Case* that a court could not determine whether lands embraced in a petition for incorporation should justly be included in the proposed village was made in reference to a subject not directly before the court for determination and can hardly be considered a part of the decision of the court. Besides, the constitutional question raised and decided in *State ex rel. Holland v. Lammers* was not raised, passed upon, or considered in the *North Milwaukee Case.*

It is argued that the court was in error in holding that the water area embraced within the boundaries of the proposed

village should be included as part of the one-half square mile provided for by sec. 854, Stats. (1898), and that such a ruling was tantamount to holding that no village could be incorporated which bordered on a large body of water. We do not think the position is tenable. The incorporators of the proposed village were not obliged to include water areas within the village limits if they did not desire to do so. Furthermore, there is no limitation placed upon the area of a village by statute further than to prevent the entire town or towns out of which the village is carved from being included within its boundaries.

We think the objectors had a sufficient interest in the proceeding to entitle them to appear therein and resist the granting of the petition, and that the court was authorized by sec. 860 to refer the questions in issue to a referee for examination and a report thereon, and that the order of the circuit court should be affirmed.

*By the Court.*—Order affirmed.