IN RE INCORPORATION OF THE TOWN OF HALLIE INTO THE VILLAGE OF HALLIE: PECK and others, Appellants, vs. MOE and another, Respondents.

*May 25—July 1, 1948.*

For the appellants there was a brief by *James A. McPhee* and *Stafford & Stafford,* all of Chippewa Falls, and oral argument by *Mr. McPhee.*

*William H. Frawley* of Eau Claire, for the respondents.

FRITZ, J.   On this appeal numerous grounds in respect to procedural and other highly technical matters are asserted on

behalf of appellants as basis for reversing the judgment appealed from; and on the other hand there are asserted by respondents many other grounds as to similar matters of that kind as basis for affirming said judgment. Upon our review of the record in the respects involved in view of appellants' contentions on this appeal, we consider it unnecessary to determine any of the matters in controversy excepting in so far as necessary to dispose of appellants' contentions in two respects.

### I.

Appellants contend the proceedings pursuant to the Moe and Klatt petition to have the order of incorporation in question adjudged invalid, and therefore vacated and set aside, were not commenced within the time prescribed by sec. 61.64, Stats. 1945. The facts material in this respect are as follows. In the proceedings instituted for the incorporation as a village of the entire town of Hallie, pursuant to a petition signed by eleven residents and freeholders, the court's order of incorporation was made on January 3, 1947. At the election which is required under ch. 61 of the statutes of the electors of the territory described in the order, and which was held on January 28, 1947, two hundred thirty voted for incorporation and two hundred four against. The court's order of incorporation was duly recorded in the office of the register of deeds on February 1, 1947. On that date there then commenced to run the limitation period prescribed in sec. 61.64, Stats., that,—

". . . any question of the validity of such incorporation and proceedings therefor may be tested by *certiorari*, or by any other proper action or proceedings brought directly for the purpose of vacating or setting aside the same, at any time within three months after such incorporation, but not thereafter."

Before the termination of that three months' period of limitation, Moe and Klatt, on March 31, 1947, duly filed in the court their petition under sec. 61.64, Stats. 1945, as basis for

an order to show cause to have the court vacate and set aside the order of incorporation; and on that date due service of said petition and order was admitted by the attorney of record for the town board of the town of Hallie and also the village of Hallie and its officers. Thus, by so filing their petition on March 31, 1947, Moe and Klatt have proceeded in a manner and within the time authorized by sec. 61.64, Stats. 1945.

## II.

Appellants contend the trial court erred in holding, on the hearing pursuant to the Moe and Klatt petition, that the order, dated January 3, 1947, for the intended incorporation as a village of all the territory in question was invalid and must be held void because of the fact that said territory did not have the characteristics of a village, and therefore was not subject to incorporation as a village for the reason stated in *Fenton v. Ryan,* 140 Wis. 353, 354, 122 N. W. 756. As the court held in that case (syllabus),—

"The inclusion in a new village of territory, in excess of one half a square mile, consisting of sparsely settled rural or agricultural lands not having the distinctive characteristics of a village or any natural connection therewith, and not reasonably appurtenant and necessary for the future growth of the village, would be an invasion of the uniformity in town and county government required by sec. 23, art. IV, Const."

See also *State ex rel. Holland v. Lammers,* 113 Wis. 398, 86 N. W. 677, 89 N. W. 501; *In re Incorporation of Village of St. Francis,* 209 Wis. 645, 245 N. W. 840; *In re Incorporation of Village of Twin Lakes,* 226 Wis. 505, 277 N. W. 373; *Incorporation of Village of Biron,* 146 Wis. 444, 131 N. W. 829; *In re Village of Chenequa,* 197 Wis. 163, 221 N. W. 856. The conclusion and rule thus stated is clearly applicable in the case at bar in view of the following facts found and stated in the trial court's decision,—

"The agricultural land in the village is approximately 15,180 acres; the residential area approximately 1,012 acres; the commercial area is approximately 27 acres; the industrial area is approximately 1,034 acres; the total population is less than 1,500 people [actually 1,313]. The residential, commercial, and industrial areas are found principally along both sides of Highway 53 in a strip less than a mile wide and about nine miles long. The land lying both east and west of this strip is practically all agricultural except for the bank of the Chippewa river within a mile or so of the city of Eau Claire in the southwest corner of Hallie where some summer cottages and a few permanent homes are built overlooking the river."

In addition there are the following facts which were testified to by the assessor of the town of Hallie in 1946, and as to which there is apparently no dispute in any material respect, to wit: The area of said town consists of approximately 13,400 acres of farm land; 1,115 acres of swamp and cutover lands; 505 acres of mixed timber and woodlands; 27 acres of commercial property; 1,034 acres of industrial lands; and 1,012 acres of residential area. In 1946 there were 179 residences, 1,408 neat cattle, 209 swine, and 30 sheep. The farm population was estimated at 350 persons.

Thus it appears conclusively that the territory in question does not have the characteristics of a village; that therefore it was not subject to incorporation as a village and the court's order of incorporation, dated January 3, 1947, was invalid; and that the judgment vacating and setting aside that order must be affirmed.

*By the Court.*—Judgment affirmed.

MARTIN, J., took no part.