IN RE INCORPORATION OF VILLAGE OF OCONOMOWOC LAKE:
GOTFREDSON and others, Appellants, vs. TOWN OF SUM-
MIT, Respondent.

*June 5—July 3, 1953.*

For the appellants there were briefs by *Fairchild, Foley &
Sammond, Steven E. Keane,* and *Lynford Lardner, Jr.,* at-
torneys, and *Wood, Warner, Tyrrell & Bruce* of counsel, all
of Milwaukee, and oral argument by *Mr. Keane.*

For the respondent there was a brief by *John C. Love,* attorney, and *Robert T. McGraw* of counsel, both of Waukesha, and oral argument by *Mr. Love.*

CURRIE, J.   The land area of the territory sought to be incorporated into a village completely incloses the entire area of Oconomowoc lake, and the lake is included within the boundary lines of such proposed village. According to the petitioners' survey filed with the petition, the land area comprises 632.488 acres, while the included water area of the lake consists of 774 acres.

The question on this appeal is whether the population and density formula provided in sec. 61.01, Stats., is to be determined on the basis of the entire area of the proposed village, including both the water as well as the land area, or whether such formula is to be determined solely with reference to the land area. The population of the proposed village according to the census accompanying the petition is 366 persons. Sec. 61.01 provides in part as follows:

"Any part of any town or towns not included in any village, lying in the same county or in two or more adjoining counties, *not more than one-half square mile in area, with a resident population of not less than 150; or of a greater area than one-half square mile and a population of not less than 200; or not less than one square mile in area, with a population of at least 400 persons to every square mile thereof,* may, upon application therefor by not less than five taxpayers and residents of such territory and upon compliance with the conditions of this chapter, become incorporated as a village by such name as may be designated in the order of the court for its incorporation with the ordinary powers of a municipal corporation, and such as are conferred by the statutes, . . ." (Italics supplied.)

If the water area is to be excluded in applying the population-density formula, the land area being 632.488 acres.

(which is slightly less than one square mile), the required minimum population would be only 200 people, and the requirements of the statutes would be fully met. On the other hand, if the water area is to be included, the total area of the proposed village is far in excess of one square mile and the population would fall short of meeting the statutory requirement of 400 people per square mile.

The appellant petitioners contend, that because sec. 61.02, Stats., requires that the map which accompanies the petition show the "boundaries and *quantity of land* contained therein," and sec. 61.08 refers to "the population in number and in proportion *to the quantity of land therein required in sec. 61.01*" there is evidence of legislative intent that only land area is to be included in applying the population-density formula prescribed by sec. 61.01. Appellants further point out that there is no logical reason why the legislature should be concerned with density of population of the lake area because such water area is wholly irrelevant to the policy considerations underlying the enactment of the population-density formula of the statute.

These arguments advanced by appellants are rather persuasive and would be entitled to much weight if we were construing for the first time the word *"area"* as employed in sec. 61.01, Stats. However, the word *"area"* as found in such statute was construed by this court in the case of *Fenton v. Ryan* (1909), 140 Wis. 353, 122 N. W. 756, and we deem the decision in that case to be controlling on the issue now before us.

The case of *Fenton v. Ryan, supra,* involved the attempted incorporation of the village of Kimberly in Outagamie county. Sec. 854, Stats. 1898 (which has since been amended and renumbered sec. 61.01), provided as follows: "Any part of any town or towns, not less than one-half square mile in area and not included in any village and all lying in the same

county, which shall contain a resident population of not less than 300 persons thereon, . . . may, upon compliance with the conditions of this chapter, become incorporated as a village. . . ." The territory described in the petition for incorporation embraced 576 acres of which 75 acres were submerged lands lying within the bed of the Fox river. The trial court found that a considerable portion of the total 576 acres were rural or agricultural lands sparsely settled, not having the distinctive characteristics of a village, not reasonably pertinent to the remaining territory, and not necessary to be within the limits of the proposed village for any legitimate purpose. It concluded that one-half square mile of territory, including the 75 submerged acres, was ample territory for the proposed village, in view of its location, surroundings, and prospects of future growth. On the basis of such findings the trial court denied the application for incorporation. On appeal the petitioners contended, among other things, that the water area should be excluded in determining the minimum statutory requirement of one-half square mile in area. The only apparent reason for advancing such contention upon the appeal would seem to have been in order to secure a favorable determination of such point as a guide in instituting future incorporation proceedings in the event this court affirmed the trial court's dismissal of the original incorporation proceedings. This court in its opinion by Mr. Justice Barnes stated (p. 359):

"It is argued that the court was in error in holding that the water area embraced within the boundaries of the proposed village should be included as part of the one-half square mile provided for by sec. 854, Stats. (1898), and that such a ruling was tantamount to holding that no village could be incorporated which bordered on a large body of water. We do not think the position is tenable. The incorporators of the proposed village were not obliged to include water areas within the village limits if they did not desire to do so."

Appellants endeavor to distinguish the decision in *Fenton v. Ryan, supra,* on the ground that the court did not have before it the question of a population-density formula. It did, however, have before it the construction of the phrase *"not less than one-half square mile in area"* and *"or not less than one square mile in area."* These references to area must be construed ·to include the water acreage as well as the land acreage under the decision of *Fenton v. Ryan, supra.*

As pointed out in the afore-quoted statement from the decision in *Fenton v. Ryan, supra,* the petitioners for the incorporation of the proposed village of Kimberly did not have to include the water area within the boundaries of the proposed village, and yet they chose to do so. Such observation is of equal force as applied to the situation of the petitioners in the instant case. Instead of designating a territory roughly oval in shape, including all of Oconomowoc lake, petitioners could have described a territory for the proposed village in the shape of a horseshoe which entirely excluded the lake area, although including all of the land area embraced in the present petition, except a few acres at the bottom of the horseshoe. Such exclusion of this small land area would make the excluded lake area contiguous to the portion of the town, or towns, not included within the boundaries of the proposed village.

*By the Court.*—Order affirmed.