In re INCORPORATION OF VILLAGE OF OCONOMOWOC LAKE: GOTFREDSON and others, Appellants, v. TOWN OF SUMMIT, Respondent.*

*May 5—June 2, 1959.*

* Motion for rehearing denied, with $25 costs, on July 21, 1959.

For the appellants there were briefs by *Steven E. Keane, Lynford Lardner, Jr., Edwin P. Wiley,* and *Fairchild, Foley & Sammond,* all of Milwaukee, and oral argument by *Mr. Keane* and *Mr. Wiley.*

For the respondent there was a brief by *John C. Love* and *Robert T. McGraw,* both of Waukesha, and oral argument by *Mr. Love.*

DIETERICH, J. The matter of the incorporation of the village of Oconomowoc Lake has previously come before this court twice. *In re Village of Oconomowoc Lake* (1953), 264 Wis. 540, 59 N. W. (2d) 662, and *In re Village of Oconomowoc Lake* (1955), 270 Wis. 530, 72 N. W. (2d) 544.

The proposed village as disclosed by the survey, map, photographs, identifying locations of buildings, roads, and terrain includes all land abutting on Oconomowoc Lake,

except for land having a frontage of 2,650 feet on the north bay of the lake. The lake itself is excluded from the proposed village and this was within the discretion of the petitioners. The land within the proposed village includes 632.09 acres, of which 41.7 acres are classified as agricultural, the balance being rough, wooded terrain unsuited for cultivation, but ideal for residential purposes. The entire area is less than one square mile, but greater than one-half square mile in area. Although the land area is fully contiguous it is not possible to travel by road to all parts of the proposed village and stay within the proposed village limits without using state, county, and town roads, except in the southwestern and northeastern sides of the village where a complete internal road system serves the proposed village.

The number of year-round residents of the area is 339 persons, not including many persons who spend a substantial part of the winter, as well as the summer, in the proposed village.

The heavy black line on the map herein reproduced represents the village boundary line.

Historically, a village in fact has been defined as any small assemblage of houses, for dwelling or business, or both, in the country, whether situated upon regularly laid-out streets and alleys or not. A compact center or nucleus of population was required and adjacent lands reasonably appurtenant and necessary for future growth, always considering the surroundings and circumstances of location and prospects of future prosperity. However, it was not necessary to include all eligible land.

The state has always recognized the spirit of self-government which is a large part of the American way of life. This includes, and with greater force, the right of local self-government.

# VILLAGE OF OCONOMOWOC LAKE

## WAUKESHA COUNTY, WISCONSIN

Thirty years ago we recognized this right, in somewhat the same circumstances, in the incorporation of the *Village of Chenequa* (1928), 197 Wis. 163, 221 N. W. 856, and that the constitution was made and designed for an expanding future and that where an issue must be decided on the basis of a given state of facts, these facts must be interpreted in the light of the conditions and circumstances presently existing.

While it may have been usual and customary fifty years ago, or twenty years ago, for a community to grow around the market or place of employment, school, church, and perhaps the village blacksmith, due to limitations in the means of transportation, this is not so today. Decentralization is the trend of today. Areas are developing exclusively devoted to residential purposes. The construction of superhighways and the technical improvement in the manufacture of automobiles have made it possible for families to live in one community, be employed in another, and seek recreation in still others. Public transportation of passengers by bus, plane, helicopter, and packages, mail, and freight by truck, has brought communities to within minutes of each other where formerly it was hours.

In this present age we do not deem it essential that a village in fact have within its boundaries a village store or school. A community devoted exclusively to residential development and possessing that spirit of togetherness or that core of community spirit characterized by a unity of action and purpose is a village in fact within the meaning of the constitution. These villages in fact may only be concerned with those services necessary for residential community development such as fire and police protection, zoning, and sanitation. *State ex rel. Holland v. Lammers* (1901), 113 Wis. 398, 86 N. W. 677, 89 N. W. 501; *Fenton v. Ryan*

(1909), 140 Wis. 353, 122 N. W. 756; *Borgnis v. Falk Co.* (1911), 147 Wis. 327, 349, 350, 133 N. W. 209; *In re Village of Chenequa* (1928), 197 Wis. 163, 221 N. W. 856; *In re Village of Elm Grove* (1954), 267 Wis. 157, 64 N. W. (2d) 874; secs. 61.01 and 61.08, Wisconsin statutes.

We conclude that the preponderance of all the testimony, evidence, residential requirements, area, territory, survey, census, maps and photographs identifying location of residence, access to roads, terrain, shows that the territory possesses the essential characteristics of a village in fact and meets the requirements set forth in ch. 61, Stats., so as to entitle petitioners and applicants to an order of incorporation pursuant to sec. 61.08, Stats.

*By the Court.*—Order reversed with instructions to enter an order of incorporation pursuant to sec. 61.08, Stats. Appellants' request for permission to tax costs for printing brief in excess of 50 pages granted.

MARTIN, C. J., took no part.