TOWN OF DELAVAN, a Wisconsin town, and Daniel G. Kilkenny, an individual, Plaintiffs-Appellants,

v.

CITY OF DELAVAN, a Wisconsin city, Defendant-Respondent,†

LLL PARTNERS and Lake Lawn Airport Corporation, Intervening Defendants.††

Court of Appeals

*No. 91-1042. Oral argument February 11, 1992.—Decided April 1, 1992.*

(Also reported in 484 N.W.2d 343.)

† Petition to review granted.

†† Petition to review granted.

On behalf of the plaintiffs-appellants, there were briefs by *Michael P. May* of *Boardman, Suhr, Curry & Field* of Madison, and *Daniel G. Kilkenny* of Delavan. There was oral argument by *Michael P. May.*

On behalf of the defendant-respondent, there was a brief by *William F. White* and *Stephen L. Crocker* of *Michael, Best & Friedrich* of Madison. There was oral argument by *William F. White.*

On behalf of the intervening defendants, there was oral argument by *John L. Maier* of *Quarles & Brady* of Madison.

Before Brown, Anderson and Snyder, JJ.

SNYDER, J.   This is a contest pitting the forces supporting annexation against the proponents of incorporation of certain property on Delavan Lake. The circuit court ruled that the city's annexation of Lake Lawn Lodge and Lake Lawn Airport property,[1] located in the Town of Delavan, was not invalidated by the involvement of noncontiguous property, did not violate the rule of prior precedence, and did not violate the rule of reason.[2] Those rulings cleared the way for the annexation of the property to the city, and the town appeals.

## CONTIGUITY OF LAND

First, we will address the issue of the contiguity of the land annexed.[3] The facts are not in dispute. An annexation boundary line was drawn from the southwest point of the Lodge property, across Delavan Lake, to a point representing the most southeast point of the Lodge property. The landowner simply drew a straight line between those points at a time when the lake had been drained. When the lake was refilled, a peninsula was created which is town property. The tip of the peninsula (approximately 1.5 acres) extends into the annexation area.

---

[1]The Lake Lawn Farms parcel was also the subject of annexation, but it is not included in the appeal.

[2]We will refer to the incorporation-appellant parties as the town and the annexation-respondent parties as the city.

[3]The town did not argue that the annexation ran afoul of the first element of the rule of reason, *i.e.,* that an annexation is valid only if exclusions and irregularities in boundary lines are not the result of arbitrariness. However, sec. 66.021(2), Stats., provides for annexation of "[t]erritory contiguous to any city or village."

The town argues that the inclusion of the peninsula tip, while most likely a mistake, is fatal to the annexation as being noncontiguous. The city contends that the tip of the peninsula was contiguous to dry land (the dry lake bed) when the city first annexed the property. The city further argues that, although the lake is now filled, the annexed tip of the peninsula is still contiguous because that part of the lake surrounding the tip was annexed. The city minimizes the issue by referring to it as "legal gamesmanship" on the part of the town. The city also refers to the peninsula tip as "a one and a half acre, 20-foot wide, rock-strewn strip of uninhabited land that rose from the bed of the lake *during* the annexation process by state legislative fiat." While that may be an accurate description of the parcel, we are doubtful that its existence represents a legal trifle as suggested by the city.[4] Nor did the circuit court treat it as such.

The circuit court disposed of the matter by summary judgment, finding:

> [T]he [city] is entitled to summary judgment on [the town's] claim that the annexation is not valid because the property, namely the small man-made peninsula, which is included in the Lake Lawn Lodge annexation is not contiguous to the City. I'm taking notice of the facts that show this to be a man-made peninsula raised up from the bottom of Delavan Lake, which was being the bottom of the lake was once state property. I guess you could say it was by this legislation, special legislation intended to be town property and town parks, but I'm of the opinion that number one, it was contiguous as dry land at the time of the passage of the ordinance, I think, as a finding of fact, which is unrebutted; and number two,

---

[4]The city urges the application of the maxim *de minimis non curat lex,* that the law does not concern itself with trifles.

and this speaks as to the lake property, I concluded as a matter of law, from the unrebutted fact the City may incorporate, its boundaries may run across water and I rely in part upon *In re Village of Oconomowoc Lake,* 264 Wis. 540 at 544, 69 [sic] N.W.2d 622 a 1952 [sic] case; *Fenton v. Ryan,* 140 Wis. 353 at 359, 360; 122 N.W. 756, 1909 case. The fact basically that the [town] in this case really relies on no precedential authority for its contention, other than Supreme Court case, which I feel is very much distinguished on its facts and in the law. That has been adequately done in briefs and I'm not going to get into detail on that, but I believe that case is completely distinguished on its facts and the law. Also citing *Town of Madison v. City of Madison,* 269 Wis. 609, 70 N.W.2d 249, 1955 case on the proposition that a part of a town park may be incorporated into an annexation. So in fact and in law, I believe it was contiguous and that this fact does not render the annexation or ordinance void or illegal.

In summary, the trial court found that this was a "small man-made peninsula," that a part of a town park may be incorporated into an annexation, that the peninsula rose from the bottom of Delavan Lake which was once state property, that the peninsula was contiguous as dry land at the time of the passage of the ordinance, and that the city's boundaries may run across water.

■■■

In reviewing a grant of summary judgment, we apply the standards set forth in sec. 802.08(2), Stats., in the same manner as the trial court. *Griebler v. Doughboy Recreational, Inc.,* 160 Wis. 2d 547, 559, 466 N.W.2d 897, 902 (1991). Contiguous is defined as "touching along boundaries often for considerable distances." *Webster's Third New Internat'l Dictionary* 492 (1976). Public roads are excepted and need not be counted for pur-

poses of determining contiguity. *Town of Lyons v. City of Lake Geneva,* 56 Wis. 2d 331, 335-37, 202 N.W.2d 228, 231 (1972). Here, the property annexed is on the opposite side of the lake. It is not connected to the city, nor is it connected to the other property being annexed. While the city relies upon cases which allow annexations across bodies of water, those annexations deal with rivers rather than with inland lakes. The city, relying upon art. IX, sec. 1, of the Wisconsin Constitution, also argues that lakes are "common highways and forever free," thereby falling under the exception of *Town of Lyons* as being public roads, an argument apparently not made to the circuit court. Such a theory might raise eyebrows and hackles in the Town of Stockbridge, directly across Lake Winnebago from the City of Oshkosh. We find no merit in that argument.

■ The town relies upon a United States Supreme Court decision, *Ocean Beach Heights, Inc. v. Brown-Crummer Inv. Co.,* 302 U.S. 614 (1938), an incorporation case, holding that property across a bay could not be included within a city when state (Florida) law required all property within a city to be connected. Citing this case the town reflects, "Just as the east side of the Biscayne Bay could not be included with the west side [of Biscayne Bay] in Florida, so the City of Delavan may not reach across Delavan Lake and annex noncontiguous property." We agree.

As suggested above in the Lake Winnebago scenario, a holding that a city may annex property across a lake invites concern and is fraught with future problems. Regardless of historical development, the peninsula tip is a part of the annexation, and it is not contiguous as required by Wisconsin law. The annexation cannot be salvaged when it violates the law. The reliance of the city

572

upon *In re Village of Oconomowoc Lake,* 264 Wis. 540, 59 N.W.2d 662 (1953), to support the annexation of the peninsula parcel is misplaced.

We reverse and remand to the trial court with a directive to enter judgment in favor of the town, there being no issues of fact or law remaining.

## RULE OF PRIOR PRECEDENCE

In the interest of judicial economy and for clarification, we choose to address the issue raised by the timing of the annexation and incorporation procedures.

The chronology of events occurring in 1989 is undisputed. The incorporation was commenced on January 19. In March, the first annexation petition was filed with the city. On November 22, the Department of Development determined that the incorporation request did not meet the required statutory standards. On November 23, notice was published regarding the petition for annexation. On November 29, the circuit court dismissed the incorporation. On December 1, the town filed for judicial review of the Department of Development determination under ch. 227, Stats.[5] The town moved for injunctive relief on January 4 and January 22, 1990, and the circuit court denied the injunction on February 15, 1990.

Where an incorporation and annexation are in conflict for the same territory, the Wisconsin Supreme Court has invoked the rule of prior precedence: "[T]he universal rule . . . is to the effect that the proceedings first instituted have precedence. The logic of this is that the later proceedings are of no effect." *In re Village of St.*

[5]There is no appeal procedure concerning the circuit court dismissal of the incorporation petition. Section 66.017, Stats., outlines a review procedure under ch. 227, Stats.

*Francis,* 208 Wis. 431, 436, 243 N.W. 315, 317 (1932). Here, there is no dispute that the incorporation started before the annexation, but the city argues that the department's determination, followed by the circuit court dismissal, terminated the priority status of the incorporation. We disagree and find that the incorporation retains its precedence during the review and appeal process.

Incorporation requests follow a certain procedure, including a determination by the Department of Development that the petition meets certain requirements and standards. Sections 66.014(9) and 66.016, Stats. If the department does not approve the petition, the court "shall" dismiss the petition. Section 66.014(9)(f). The department's decision not to approve the petition is subject to review under ch. 227, Stats. Section 66.017(2), Stats. After a judgment is entered in a ch. 227 review, the court order under sec. 66.014(9)(f) dismissing the petition may be appealed.[6] Section 66.017(1). An order for a referendum is not stayed by further litigation.

*St. Francis* sought to avoid two valid, simultaneous proceedings occurring at the same time. "To permit both incorporation proceedings and the annexation proceedings to go on at the same time would result in doubt, confusion, and be beneficial to no one." *St. Francis,* 208 Wis. at 435, 243 N.W. at 317.

The trial court here, however, granted the city summary judgment on the basis that sec. 227.54, Stats.,[7]

---

[6]It appears that there has not yet been a decision in the ch. 227, Stats., review.

[7]Section 227.54, Stats., provides:

**Stay of proceedings.** The institution of the proceeding for review shall not stay enforcement of the agency decision. The reviewing court may order a stay upon such terms as it deems proper, except as otherwise provided in ss. 196.43 and 551.62.

governs the procedure after the department finds the incorporation petition insufficient, and the court is required to dismiss the incorporation. The court distinguished *St. Francis* on the basis that it dealt with the reverse situation, an annexation proceeding followed by an attempt to incorporate.

■

The city argues that the department decision was final and that the circuit court order terminating the incorporation proceeding also terminated the rule of prior precedence, thereby clearing the way for annexation. If that is the case, the statutory review and appeal procedure relied upon by the town would be moot. We are not so persuaded because that analysis fails to resolve the problem *St. Francis* sought to avoid: the existence of two valid, simultaneous proceedings if a reversal occurs upon review of the department decision. We hold that complete finality of the incorporation proceeding is necessary to fulfill the policy rationale of *St. Francis*.

■

The city relies upon sec. 227.54, Stats., which provides that enforcement of an agency decision is not automatically stayed by the institution of proceedings for judicial review. The city argues that a continuance of the rule of prior precedence, beyond the department decision and court dismissal, would result in a stay of the department's decision, contrary to sec. 227.54. We see no conflict. The department finding of inadequacy is "enforced" in the sense that the incorporation is halted and no referendum is authorized. The only thing being stayed is the city's ability to proceed with annexation, pending judicial review of the department decision, consistent with the intent of the rule of precedence. The department made no ruling as to the city's ability to proceed on the annexation petition.

The city also argues that the town's position would hold the land "hostage" through two separate appeals—the initial judicial review of the department decision and the later appeal of the circuit court's dismissal order under sec. 66.017(1), Stats. We are not so persuaded. In issuing its dismissal order under sec. 66.014(9)(f), Stats., the court has no discretion. The only basis for an appeal, therefore, would be that the court entered an order contrary to the department decision. A second appeal would be highly unlikely and potentially frivolous.

The city alleges that the rule of precedence would not apply because of various exceptions, citing treatises and cases from other jurisdictions which rely primarily on earlier proceedings that were deficient in some way. Since the deficiency of the incorporation is still at issue in the ch. 227, Stats., review, those arguments are, at best, premature.

We reverse, finding that the rule of prior precedence continued to stay the annexation procedure during the incorporation review and appeal process. The incorporation procedure is entitled to the protection afforded by *St. Francis* for the reason set forth therein.

## RULE OF REASON

The decision of the circuit court having been reversed as to both contiguity and prior precedence, we need not address the rule of reason challenge, there being

no annexation pending. Nor is it necessary to address the injunction issue.

*By the Court.*—Judgment and order reversed.